Kimberly Ellen MIDDLETON *v.* Elvis STILWELL and Clarence Sloate

89-260                                        782 S.W.2d 44

Supreme Court of Arkansas
Opinion delivered January 8, 1990

*Eaton & Embry*, by: *Charles S. Embry, Jr.*, for appellant.

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles,* for appellee.

DAVID NEWBERN, Justice. ■    Kimberly Ellen Middleton sued the appellees, Elvis Stilwell and Clarence Sloate, for injuries sustained by her in two separate automobile accidents. Eighteen days after the accident involving Stilwell, she had a collision with Sloate. She claimed her injuries from the first wreck were aggravated in the second one. The trial court ordered that one of the defendants be dismissed, in effect requiring two separate actions. The claim against Sloate was dismissed without prejudice. Middleton argues it was error to have dismissed her claim against Sloate thus preventing her from seeking joint and several liability of the two defendants in the same action. We must dismiss the appeal because there is no appealable order.

When multiple parties are involved in a case,

> the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. [Ark. R. Civ. P. 54(b)]

We have stated on many occasions that, for purposes of appeal, a judgment is final if it dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Elardo* v. *Taylor*, 291 Ark. 503, 726 S.W.2d 1 (1987); *McElroy Bank & Trust* v. *Zuber*, 275 Ark. 345, 629 S.W.2d 304 (1982). *See* Ark. R. App. P. 2(a). Although the dismissal of the claim against Sloate was without prejudice, it was clearly a dismissal of Sloate from this action. The court thus could have made a determination that there was no need for delay and could have directed the entry of a final judgment of dismissal of Sloate from this action in accordance with Rule 54(b). No such determination or direction occurred.

■ The failure to comply with Rule 54(b) presents a jurisdictional issue in this court which we will raise on our own, and, absent compliance, we dismiss the appeal for lack of a final order. *King* v. *Little Rock School Dist.*, 296 Ark. 552, 758 S.W.2d 708 (1988); *Kilcrease* v. *Butler*, 291 Ark. 275, 724 S.W.2d 169 (1987).

Appeal dismissed.

GLAZE and TURNER, JJ., not participating.