Lloyd PARKS, Individually and as Administrator of the Estate of Mary Parks, Deceased *v.* HILLHAVEN NURSING HOME of Little Rock, Arkansas; Dr. John Woolverton; and Little Rock Nursing Center of Little Rock, Arkansas

89-302                                                    798 S.W.2d 106

Supreme Court of Arkansas
Opinion delivered November 5, 1990

*Willard Proctor, Jr.*, for appellant.

*Mitchell, Williams, Selig & Tucker*, by: *T. Scott Clevenger*, for appellee Hillhaven Nursing Home.

*Friday, Eldredge & Clark*, by: *Laura Hensley*, for appellees Dr. John Woolverton and Little Rock Nursing Center.

WILLIAM G. WRIGHT, Special Justice. The question raised on this appeal is whether a release specifically identifying certain original tortfeasors "and all other persons, corporations, professional organizations or other entities, of and from any and all claims . . . arising out of the care . . . rendered . . . by the parties herein released" is operative to release alleged tortfeasors not specifically identified in the release. The trial court granted summary judgment on the basis the cause of action ". . . was the subject of a prior settlement for substantial consideration and that the release executed in conjunction with the aforementioned settlement agreement prohibits the institution . . . of the current cause of action." We disagree with the trial court and reverse and remand.

During an operative procedure on June 16, 1986, Mary Parks sustained brain damage allegedly caused by the negligence of certain health care providers. Because of the brain damage, the appellant, Lloyd Parks, contracted with Hillhaven Nursing Home to provide nursing assistance and care for Mrs. Parks. She stayed there until July 24, 1987, when she was transferred to the Little Rock Nursing Home. Mrs. Parks died in the Little Rock Nursing Home on July 29, 1987. Thereafter, Mr. Parks reached settlements with the health care providers who allegedly caused the brain injury, and a final release was executed on February 5, 1988, which specifically identified those health care providers to be released. The actions complained of by Mr. Parks against the appellees occurred subsequent to, and independent of, the negligence giving rise to the original claims for which the release was given.

Mr. Parks later filed the present action against the nursing homes and the attending physician for wrongful death and breach of contract. Appellees moved to dismiss pursuant to A.R.C.P. Rule 12(b)(6), on the basis that they had been released by the document executed on February 5, 1988. The release was made an exhibit to the motion as one for summary judgment under A.R.C.P. Rule 12(b). However, the trial court erred in granting summary judgment. Our rules of civil procedure provide that summary judgment shall be granted where the moving

papers show there is no issue of fact and where "the moving party is entitled to judgment as a matter of law." A.R.C.P. Rule 56(c). The trial court erred in finding that the release in question was effective to relieve appellees of liability as a matter of law.

The appellees rely upon the following language of the release which they feel specifically reflects the parties' intent to bar all future claims regarding Mrs. Parks' death:

> ". . . and all other persons, corporations, professional organizations or other entities, of and from any and all claims, demands, damages, causes of action, or suits at law or inequity, or whatsoever kind of nature for or because of any matter or thing done, admitted or suffered to be done by the said parties herein released prior to and including the date hereof and particularly on account of all injuries to Mary Jane Parks, including death, resulting or to result from any and all complaints arising out of the care and treatment rendered to her by the parties herein released.

However, we note that the release contains other language which leaves some doubt as to the parties' intent, as follows:

> I further agree that in the event other parties are responsible, the execution of this agreement shall operate as a satisfaction of any claims against such other parties to the extent of the pro-rata share of the parties herein released. I also agree that the execution of this release entitles . . . [the parties released] and any other potential joint tortfeasors to the benefits of A.C.A. § 16-61-201, et seq., the Arkansas Uniform Contribution Among Joint Tortfeasors Act.

We ruled in *Moore* v. *Missouri Pacific R.R.*, 299 Ark. 232, 773 S.W.2d 78 (1989), that a release which does not name or otherwise specifically identify the tortfeasors to be discharged does not operate to the benefit of all those who might otherwise seek discharge under its generic language.[1] Consequently, the release relied upon by the appellees and the trial court is ineffective to discharge the appellees from liability. It is specifi-

---

[1] The trial court did not have the benefit of *Moore* at the time of its decision herein. *Moore* was decided by this court after the trial court entered its order.

cally limited to the parties herein released" and to the injuries (including death) ". . . resulting or to result from any and all complaints arising out of the care and treatment rendered to her by the parties herein released."

Other issues raised by Mr. Parks need not be addressed since we find that the release did not discharge the appellees.

Reversed and remanded.

Special Justices DOUGLAS O. SMITH, RAY A. GOODWIN and KATHERINE C. GAY, join in this opinion.

HAYS, GLAZE, PRICE and TURNER, JJ., not participating.