## QUALITY FORD, INC. *v.* Minnie Ruth FAUST and James and Betty Beaver

91-214                                             820 S.W.2d 61

Supreme Court of Arkansas
Opinion delivered December 9, 1991

*Rose Law Firm, A Professional Association*, by: *Webb Hubbell*, for appellant.

*R. David Lewis*, for appellees.

DONALD L. CORBIN, Justice. Appellant and separate defendant below, Quality Ford, appeals a default judgment entered by the Pulaski County Circuit Court contending the judgment should not have been entered because the answer filed by separate defendant Ford Motor Company inured to appellant's benefit and because appellant was prohibited from presenting evidence concerning mitigation of damages. We do not reach the merits of this case because the order appealed from does not comply with the requirements of ARCP Rule 54(b) and is therefore not a final and appealable order. We must dismiss the appeal.

The essence of the order's insufficiency is that, without stating any reason for doing so, it does not finally determine the rights of all the parties. When multiple parties are involved in a

case:

> [T]he court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

ARCP Rule 54(b).

We have stated many times that for an order to be final and appealable it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Wilburn v. Keenan Cos.*, 297 Ark. 74, 759 S.W.2d 554 (1988); *Elardo v. Taylor*, 291 Ark. 503, 726 S.W.2d 1 (1987); *McIlroy Bank & Trust v. Zuber*, 275 Ark. 345, 629 S.W.2d 304 (1982); ARCP Rule 54(b); Ark. R. App. P. 2. The order appealed from in this case does not comply with ARCP Rule 54(b) because it concludes the rights of less than all of the parties.

In the present case, there were originally six plaintiffs, namely Minnie Ruth Faust, James and Betty Beaver, Ricky Jynes, Dwight Meek, and Gary Williams, who filed suit against two defendants, Quality Ford and Ford Motor Company. The six plaintiffs had separate claims against the defendants; there was a common thread in their claims in that they purchased used cars from Quality Ford relying on the salesmen's representations that the cars were either Ford executives' cars or one-owner cars. In fact, the cars were later determined to have been rental cars which had been damaged or wrecked. On February 5, 1990, all six plaintiffs filed one complaint against the two defendants and the case received one case number in the circuit court, No. CV 90-593. On October 8, 1990, upon motion of the plaintiffs, the trial court entered an order of dismissal without prejudice dismissing two of the plaintiffs, Dwight Meek and Gary Williams, and one of

the defendants, Ford Motor Company. Following the entry of this dismissal, the claims of four plaintiffs, namely Minnie Ruth Faust, James and Betty Beaver, and Ricky Jynes, against the one defendant, Quality Ford, remained. The order appealed from in this case was entered in circuit court case number CV 90-593; it is styled as all six original plaintiffs against both original defendants and enters judgment against Quality Ford in favor of only Ms. Faust and Mr. and Mrs. Beaver.

■ Obviously then, the order appealed from does not conclude Mr. Jynes' rights in the action. In fact, there was never any evidence of Mr. Jynes' claim or damages presented to the trial court. The only explanation given by counsel for the absence of proof of Mr. Jynes' claim is that Mr. Jynes was in Saudi Arabia and could not be found. The trial court could have made a determination that there was no need for delay of Ms. Faust's and Mr. And Mrs. Beaver's claims and so stated in the judgment. However, no such finding was stated in the order appealed from and because it leaves the rights of Mr. Jynes undetermined it is not a final order which can be appealed.

■ The order appealed from is not a final order in another respect. Although the two plaintiffs and one defendant were dismissed from the case without prejudice on October 8, 1990, there was never a final judgment of dismissal entered stating there was no just reason for delay. Thus, because the two plaintiffs and one defendant were not finally dismissed from the case and the order appealed from does not enter judgment in their favor or against them, their rights were not finally determined. *See Black v. Crawley*, 304 Ark. 716, 804 S.W.2d 366 (1991); *Middleton v. Stilwell*, 301 Ark. 110, 782 S.W.2d 44 (1990).

■ The failure to comply with ARCP Rule 54(b) presents a jurisdictional question in this court which we are obliged to raise on our own. *St. Paul Fire & Marine Ins. Co. v. First Commercial Bank*, 304 Ark. 298, 801 S.W.2d 652 (1991). We dismiss the appeal without prejudice.

BROWN, J., not participating.