Lloyd PARKS, et al. *v.* HILLHAVEN NURSING HOME of Little Rock, et al.

91-339                                     829 S.W.2d 419

Supreme Court of Arkansas
Opinion delivered May 18, 1992

*Willard Proctor, Jr.,* for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard,* by: *Amelia Mosley Russell,* for appellee.

DAVID NEWBERN, Justice. This is an appeal from the entry of a summary judgment. We must dismiss the appeal because not all of the claims against all of the parties have been resolved, and there has been no certification pursuant to Ark. R. Civ. P. 54(b) that there is no need for delay in deciding the case with respect to the parties now before us.

The appellant, Lloyd Parks, individually and as administrator of the estate of Mary Parks, sued the appellees, Hillhaven Nursing Home of Little Rock, Dr. John Wolverton, and Little Rock Nursing Center of Little Rock, for the alleged wrongful death of his wife. The Trial Court granted summary judgment in favor of all of the defendants on all of the claims. We reversed. *Parks* v. *Hillhaven Nursing Home*, 303 Ark. 557, 798 S.W.2d 106 (1990). Upon remand, two of the three defendants, Dr. Wolverton and Little Rock Nursing Center, again filed motions for summary judgment. The Trial Court granted partial summary judgment in favor of both defendants on counts of medical malpractice, negligence, and wrongful death, but found material issues of fact with respect to the claim of wrongful transfer of the decedent. The Trial Court entered partial summary judgments on May 20, 1991. Mr. Parks sought to appeal, but we dismissed for lack of a final order. *Parks* v. *Hillhaven Nursing Home*, 309 Ark. 106, 827 S.W.2d 148 (1992).

On July 3, 1991, the third defendant, Hillhaven Nursing Home, filed a separate motion for summary judgment. In response to a request from Parks the Trial Court extended the plaintiff's time in which to answer the motion until August 12, 1991. On August 20, 1991, no response had been filed, and the Trial Court entered summary judgment in favor of Hillhaven Nursing Home. Mr. Parks again seeks to appeal.

When multiple parties are involved,

> the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all of the claims and the rights and liabilities of all the parties. [Ark. R. Civ. P. 54(b)]

■ The failure to comply with Rule 54(b) presents a jurisdictional issue in this court which we will raise on our own

and, absent compliance, we dismiss the appeal for lack of a final order. *Middleton* v. *Stilwell*, 301 Ark. 110, 782 S.W.2d 44 (1990); *King* v. *Little Rock School Dist.*, 296 Ark. 522, 758 S.W.2d 708 (1988).

Appeal dismissed.