Jeannette E. SMITH, James E. and Paula Parker, and James Larry Smith *v.* John Paul LEONARD and Shirley Leonard and Leonard's Hardware, Inc., an Arkansas Corporation

92-524                                                840 S.W.2d 167

Supreme Court of Arkansas
Opinion delivered November 2, 1992

*Wright, Lindsey & Jennings*, for appellant Jeannette E. Smith.

*Mobley, Smith, and Mobley*, by: *William F. Smith*, for appellants.

*Edgar, Perigo & Hillabeck, Inc.*, by: *Steven E. Edgar*, for appellants.

*Davidson, Horne, & Hollingsworth*, by: *Derrick M. Davidson, Robert E. Irwin* and *Laws & Murdoch, P.A.*, by: *Ike A.*

*Laws*, for appellees.

DONALD L. CORBIN, Justice. This case has a complex and complicated procedural history. This case originally began as an action by Jeannette Smith, a shareholder of Leonard's Hardware, Inc. and partner in Leonard-Parker-Smith against the corporation, the partnership and one of the other shareholders and partners, John Paul Leonard. The case quickly became more complicated with several interventions, cross-claims, counterclaims, and third party claims being filed. This case was appealed to us pursuant to Ark. Sup. Ct. R. 29(1)(c) because it involves the interpretation and construction of certain provisions of the Arkansas Business Corporation Act of 1965, Ark. Code Ann. § 4-26-101 *et seq.* (1987). However, we do not address the substantive issues on appeal because we find the final decree does not address all the parties and all the claims and is therefore not a final and appealable judgment. ARCP Rule 54(b); *Quality Ford, Inc.* v. *Faust*, 307 Ark. 371, 820 S.W.2d 61 (1991). Therefore, we dismiss this appeal pursuant to ARCP Rule 54(b). We will set out the procedural history of this case only in as much detail as is necessary to explain our decision.

On August 23, 1990, Jeannette Smith filed suit against Leonard's Hardware, Inc., an Arkansas Corporation, Leonard-Parker-Smith, an Arkansas general partnership and John Paul Leonard, individually, alleging fraudulent and intentional misconduct on the part of John Paul Leonard, oppressive conduct by Mr. Leonard, breach of fiduciary duty by Mr. Leonard, fraud by Mr. Leonard, and violation of the Arkansas Securities Act as codified at Ark. Code Ann § 23-42-106 (1987). Ms. Smith asked for rescission of certain stock transactions, an accounting and independent audit of the financial records of the corporation, appointment of a receiver for the corporation and a partnership, injunctive relief, and money damages. The complaint was properly served on each of the three defendants and each of the three defendants filed answers to the complaint within the permitted time period.

On September 7, 1990, Shirley Leonard filed a motion to intervene as a creditor and as joint owner of John Paul Leonard's

stock and to file a cross-complaint. Shirley Leonard also filed a cross-complaint against Jeannette Smith on September 7, 1990, for filing a false and slanderous lawsuit against John Paul Leonard and Leonard's Hardware that will be detrimental to the business of Leonard's Hardware and Shirley Leonard. Shirley Leonard's motion to intervene was granted on September 7, 1990, and the order allowing intervention was filed on September 12, 1990.

On October 1, 1990, Jim and Paula Parker filed a motion to intervene. The October 1 motion to intervene was apparently not acted upon by the court as no order is contained in the record granting or denying the motion to intervene of Jim and Paula Parker. On January 23, 1991, Paula Parker filed a motion to intervene and to file a third party complaint. The order granting Paula Parker's motion to intervene and file a third party action was filed on January 22, 1991.

John Paul Leonard filed a counterclaim against Jeannette Smith on January 18, 1991, adopting all the allegations of the cross-complaint filed by Shirley Leonard regarding filing of a wrongful action.

February 28, 1991, Leonard's Hardware, Inc. filed a third party complaint against James Larry Smith for conversion, and fraud.

Jeannette Smith's First Amended and Substituted Complaint was filed on March 8, 1991. The First Amended and Substituted Complaint added Shirley Leonard, James Larry Smith, James E. Parker, and Paula Parker as defendants along with Leonard's Hardware, Inc., Leonard-Parker-Smith, and John Paul Leonard. Answers were filed on behalf of all the parties except Leonard-Parker-Smith.

March 26, 1991, John Paul Leonard filed a Motion to Join Mrs. W.O. Tibbels as a cross defendant to his cross-claim. On the same day, John Paul Leonard also filed a counterclaim against Jeannette Smith and cross-claim against James Larry Smith, Leonard's Hardware, Inc., James Parker, Paula Parker, Leonard-Parker-Smith Partnership, and Mrs. W.O. Tibbels for a declaratory judgment that the partnership has been dissolved and requesting the court appoint a receiver to wind up the affairs of

the partnership. It does not appear from the record the counterclaim against Jeannette Smith or the cross-claim against James Larry Smith, Leonard's Hardware, Inc., James Parker, Paula Parker, Leonard-Parker-Smith Partnership, and Mrs. W.O. Tibbels was never resolved, although the motion to join Mrs. Tibbels was withdrawn. The following exchange occurred between Mrs. Tibbels' attorney, Mr. Leonard's attorney and the chancellor on the day of the trial:

THE COURT:

Mr. Streett, are you involved?

MR. STREETT:

I don't think so, Judge. I represent Mrs. Tibbels, and I think the Court's ruled in Chambers — I'd like it on the record that the motion to enjoin her as a party has either been withdrawn or denied.

THE COURT:

My understand, it was mute. There was no — I may be in error, but I thought I was advised in Chambers that they had settled and dissolved the property which she was a partner.

. . . .

MR. DERRICK DAVIDSON (Counsel for John Paul Leonard):

The parties have settled the matters in regards to the claims against Mrs. Tibbels, and the motion is withdrawn.

On March 26, 1991, a motion for summary judgment was filed by John Paul Leonard on all claims of the plaintiff against John Paul Leonard.

April 10, 1991, James Larry Smith filed a third-party counterclaim against Leonard's Hardware, Inc.

May 13, 1991, Paula Parker filed a counterclaim against Leonard's Hardware, Inc. and John Paul Leonard for breach of fiduciary duty to the minority stockholders and asking that the alleged conveyance from Larry Smith to the Corporation be set aside as it was invalid and unauthorized and was only a pledge

which was never consummated or approved by the Board of Directors.

On May 30, 1991, an order was filed granting John Paul Leonard's Motion for Summary Judgment on Mrs. Smith's claim of ownership to Mr. Smith's stock, promissory note and interest in the property located at 1319 South Arkansas Avenue and denying summary judgment on all remaining issues pending before the court.

The case was tried on August 26, 1991. At the beginning of the trial, the motion to join Mrs. Tibbels as a party was withdrawn and the cross complaint of Shirley Leonard was transferred to circuit court. There is no indication in the record of the treatment of the counterclaim by John Paul Leonard encompassing the same claims as Shirley Leonard's cross-complaint.

After the trial, the case was taken under advisement, a letter setting forth the chancellor's findings of fact and conclusions of law was issued October 2, 1991, and the chancellor's decree was entered on October 9, 1991. The decree stated:

> 1. That all claims of Jeannette Smith and Paula Parker against John Paul Leonard and Leonard's Hardware, Inc. should be and are hereby dismissed with prejudice.
>
> 2. That the third party complaint of James Larry Smith against Leonard's Hardware, Inc. should be and is hereby dismissed with prejudice.
>
> 3. That it is not necessary for the court to decide the cross complaint of Leonard's Hardware, Inc. against James Larry Smith.
>
> 4. That all parties shall pay their own costs and attorney fees.

On motion by Jeannette Smith and by order of the court filed November 7, 1991, the decree was amended to incorporate by reference into the decree the findings of fact and conclusions of law set forth in the chancellor's letter of October 2, 1991. The chancellor's findings of fact and conclusions of law were:

## FINDINGS OF FACT

1. James Smith misappropriated funds from Leonard's Hardware in an amount not less than $125,000.00.

2. The Board of Directors of Leonard's Hardware agreed to accept the pledge of James Smith's interest in the corporation as security for repaying the money he misappropriated.

3. The pledge approved by the Board of Directors conferred authority on the president of the corporation, John Paul Leonard, to settle James Smith's debt to the corporation.

4. The pledge contemplated the transfer of all or a portion of James Smith's interest in the corporation in satisfaction of his debt.

5. On March 13, 1989, James Smith sent a letter to John Leonard stating that "after review of all the documents and the checks . . . . I realize that the debt is far greater than I had anticipated . . . (and) that at this time, I wish to sign and deliver all of my stock in Leonard's Hardware to the store."

6. John Leonard and James Smith met in May of 1989 at Leonard's Hardware and agreed that the amount misappropriated by James Smith exceeded the value of the property pledged plus the value of real property already transferred to the corporation in partial satisfaction of the debt.

7. At the May, 1989 meeting, John Leonard accepted the property pledged in satisfaction of James Smith's debt.

8. The amount misappropriated by James Smith exceeded the value of the property that was transferred to Leonard's Hardware in satisfaction of his debt.

9. At the time the pledged property was accepted by John Leonard, the corporation had unrestricted earned surplus.

10. John Leonard acted on behalf of the corporation and in its best interest by recovering funds misappropri-

ated by James Smith, even though he may have personally benefitted by the change in ownership.

11. In recovering the misappropriated funds, John Leonard did not conceal the method of recovery. John Leonard did not deceive the shareholders about the purpose for recovering the misappropriated funds.

12. At the time James Smith's stock was pledged to the corporation, Paula Parker and Jeannette Smith did not rely on John Leonard for information about the corporation.

13. The tender into court made by James Larry Smith was made after all parties had rested and the case was closed. Therefore the court did not consider the tender in reaching its decision.

## CONCLUSIONS OF LAW

1. Neither John Leonard nor Leonard's Hardware committed fraud or constructive fraud.

2. John Leonard did not breach his fiduciary duty by recovering the misappropriated funds from James Smith.

3. Mr. Leonard's conduct does not constitute oppression sufficient to warrant dissolution of the corporation.

4. The transfer of James Smith's stock into the corporation's treasury was a valid corporate act.

5. Judgment should be entered in favor of John Paul Leonard and Leonard's Hardware, Inc. on the claims brought by Jeannette Smith and Paula Parker for fraud, constructive fraud, breach of fiduciary duty, unauthorized corporate acts and oppression, and all remedies requested in connection with those claims are denied.

6. That Leonard's Hardware, Inc. have judgment on the third party counterclaim brought by James Smith for an accounting and an offset and all remedies requested in connection with these counterclaims are hereby denied.

7. That since James Smith's debt to Leonard's Hardware, Inc. was settled by the acceptance of the property he

pledged, it is unnecessary for the court to consider the third party complaint of Leonard's Hardware in determining this matter.

8. That each party shall pay their own costs and attorney fees.

9. The clerk of the court shall return to James Larry Smith the amount of money tendered into court after the trial of this cause.

This appeal followed. James E. Parker and Paula Parker filed a notice of appeal on October 29, 1991, in the Court of Appeals. Jeannette Smith filed a notice of appeal on November 6, 1991, in the Supreme Court. Larry Smith filed a notice of appeal on November 7, 1991, in the Court of Appeals. November 12, 1991, James E. Parker and Paula Parker filed a notice of appeal in the Supreme Court. Jeannette Smith filed the notice of appeal which this opinion concerns in the Supreme Court to the court's amended decree on November 13, 1991. December 6, 1991, James Larry Smith filed a notice of appeal with the Supreme Court.

Even incorporating the findings of fact and conclusions of law, there are several parties and several claims which are not addressed by the decree. ARCP Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The failure to comply with ARCP Rule 54(b) is a

jurisdictional issue which we are obligated to raise on our own. *Quality Ford, Inc.* v. *Faust*, 307 Ark. 371, 820 S.W.2d 61 (1991). As we have said many times, "for an order to be final and appealable it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy." *Id.* at 372, 820 S.W.2d at 62 (and cases cited therein). It is not enough to dismiss some of the parties, the order must cover all the parties and all the claims in order to be an appealable order. *Parks* v. *Hillhaven Nursing Home*, 309 Ark. 373, 829 S.W.2d 419 (1992).

The decree appealed from does not finally dispose of the following claims nor is there any indication in the record that they were otherwise disposed of by the court:

1. The claim of Jeannette Smith against Shirley Leonard, Leonard-Parker-Smith, James Larry Smith, James E. Parker, and Paula A. Parker.

2. The cross-complaint of Shirley Leonard against Jeannette Smith, nor is there an order transferring this claim to circuit court as the parties apparently intended to do or otherwise disposing of this claim.

3. The counterclaim of John Paul Leonard filed January 18, 1991, against Jeannette Smith.

4. The counterclaim of John Paul Leonard filed March 26, 1991, against Jeannette Smith.

5. The cross-claim of John Paul Leonard against James Larry Smith, Leonard's Hardware, Inc., James Parker, Paula Parker, and Leonard-Parker-Smith Partnership.

6. The decree states that "it is not necessary for the court to decide the cross complaint of Leonard's Hardware, Inc. against James Larry Smith", but it does not actually dispose of this claim by dismissing it or otherwise.

We dismiss the appeal without prejudice for failure to comply with ARCP Rule 54(b).

HAYS, J., not participating.