STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY *v.* Steve THOMAS and Carol Thomas, as Parents and Natural Guardians of Lindsay THOMAS

92-1224                                                    850 S.W.2d 4

Supreme Court of Arkansas
Opinion delivered March 29, 1993

*Boswell, Tucker & Brewster*, by: *Clark S. Brewster*, for appellant.

*John Doyle Nalley*, for appellee.

ROBERT L. BROWN, Justice. Appellant State Farm Mutual Automobile Insurance Company appeals from a judgment assessing a twelve percent penalty and attorney's fees against it for failure to pay $25,000 in underinsured motor vehicle coverage to Lindsay Thomas within the time specified in the policy under Ark. Code Ann. § 23-79-208 (Repl. 1992). We decline to reach the merits of this appeal due to the failure of State Farm to show compliance with Ark. R. Civ. P. 54(b).

According to the second amended complaint in this matter, appellees Steve Thomas and Carol Thomas brought suit individually and as parents and natural guardians of their daughters, Lindsay Thomas and Jennifer Thomas, against appellant State Farm, the estate of John Laughlin, and David Spears. The plaintiffs sued David Spears and the estate of John Laughlin for negligence and sought damages for personal injuries that arose out of a three-car traffic accident that occurred on March 29, 1991. Lindsay Thomas prayed for $285,000, according to counsel for appellees.

Steve Thomas settled his claim with the estate of John Laughlin. In addition, all four Thomases settled their claims with State Farm, although State Farm retained the right to appeal the issue of the penalty and attorney's fees with regard to Lindsay Thomas. Lindsay Thomas also settled with the liability carriers

for David Spears and the estate of John Laughlin. The record and abstract, however, are silent on the disposition of 1) the claim of Steve Thomas against David Spears; 2) the claims of Carol Thomas and Jennifer Thomas against David Spears and the estate of John Laughlin; and 3) any additional claims that Lindsay Thomas might have had against David Spears and the estate of John Laughlin, in addition to her settlement with their liability carriers.

In discussing the history of Lindsay Thomas's claim for penalty and attorney's fees, the appellees make a general statement in their brief that "[the] cases were settled June 10, 1992, the day before trial." To support this statement reference is made to pages in the record, but the pages cited do not show disposition of the claims listed above. Nor is their disposition shown anywhere else in the record.

We, therefore, remain largely in the dark about the status of these remaining claims. The judgment appealed from awarded Lindsay Thomas the sum of $3,000 as penalty and $5,000 as attorney's fees. The judgment also contained language that "this court retains jurisdiction for such further orders as may be necessary," suggesting that there were other matters still to be resolved.

This court will only review final matters on appeal. Ark. R. App. P. 2(a). A judgment which adjudicates fewer than all of the claims of all of the parties does not terminate the action. Ark. R. Civ. P. 54(b). The failure to comply with Rule 54(b) by the absence of an order adjudicating the rights of all parties is a jurisdictional issue that we are obligated to raise on our own. *Smith* v. *Leonard*, 310 Ark. 782, 840 S.W.2d 167 (1992); *Quality Ford, Inc.* v. *Faust*, 307 Ark. 371, 820 S.W.2d 61 (1991). We have held in this regard that for an order to be final and appealable, it must dismiss the parties from the court, discharge them from the action, or conclude their rights to the subject matter in controversy. *Id.* It is not enough to dismiss some of the parties; the order must cover all parties and all claims in order to be appealable. *See Parks* v. *Hillhaven Nursing Home*, 309 Ark. 373, 829 S.W.2d 419 (1992). The trial court may direct final judgment with regard to fewer than all of the claims or parties by an express determination that there is no just reason for

delay. Ark. R. Civ. P. 54(b). When an appropriate certification is made by the trial court, we will consider the judgment final for purposes of appeal. *See Arkhola Sand & Gravel Co.* v. *Hutchinson*, 291 Ark. 570, 726 S.W.2d 674 (1987).

In *Smith* v. *Leonard, supra,* we considered an appeal that had a complex procedural history, involving various interventions, cross-claims, counterclaims, and third-party claims. We dismissed the appeal without prejudice for failure to comply with Rule 54(b) because the omnibus decree appealed from did not dispose of six separate claims, and there was no indication in the record that those claims were otherwise concluded by the chancellor.

Similarly, in the present case the circuit court's judgment respecting Lindsay Thomas's entitlement to twelve percent interest and attorney's fees under § 23-79-208 gives no indication of the disposition of several claims brought by the Thomases. Indeed, the record gives no hint of the overall status of the litigation pertaining to David Spears and the estate of John Laughlin, other than Thomas's lone settlement with the Laughlin estate and Lindsay Thomas's settlement with their liability carriers. The other claims may still be viable or they may have been disposed of. We simply have no way of knowing. Furthermore, the court's judgment contains no Rule 54(b) certification for purposes of appeal.

The burden is on the appellant to bring a record before us that shows that all claims in this matter have been brought to conclusion, and that the circuit court's judgment was final. That was not done in this instance. In one of the first decisions rendered by this court, we held that the record must disclose a final adjudication of the matter in controversy between the parties for this court to have jurisdiction. *Campbell* v. *Sneed,* 5 Ark. 398 (1843). Accordingly, we will not address the substantive issues and, instead, dismiss the appeal without prejudice due to non-compliance with Rule 54(b).

Appeal dismissed.