James ASHMORE v. PACCAR, INC., d/b/a Kenworth
Truck Company, Kenworth of Arkansas, Inc.,
John Doe #1, John Doe #2

93-619                                        868 S.W.2d 80

Supreme Court of Arkansas
Opinion delivered January 10, 1994

*Maxie G. Kizer, P.A.*, for appellant.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, for appellee.

PER CURIAM. James Ashmore appeals from a summary judgment in favor of the appellee, Paccar, Inc. We must dismiss the appeal because not all of the claims against all of the parties have been resolved and there has been no certification pursuant to Ark. R. Civ. P. 54(b) that there is no need for delay in deciding the case with respect to the parties now before us.

Ashmore alleged he was injured when the hood latch of a Kenworth truck on which he was working malfunctioned and fell on him. He filed a product liability suit against Paccar, Inc., the truck manufacturer; Kenworth of Arkansas, the Arkansas cor-

poration which sold the truck to Bryant Trucking Company; Ashmore's employer; and John Doe #1 and #2, unidentified defendants who may have improperly repaired the vehicle.

Paccar, Inc., answered on January 13, 1992, denying liability. Kenworth of Arkansas answered on February 26, 1992, denying liability. Travelers Insurance Company intervened on March 10, 1992, seeking recovery of workers compensation benefits paid Ashmore. Intervention was granted on April 3, 1992. Paccar, Inc., moved for summary judgment on July 7, 1992. The motion was granted April 26, 1993.

As provided in Ark. R. Civ. P. 54(b) when multiple parties are involved:

> . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, which adjudicates . . . the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The failure to comply with Rule 54(b) presents a jurisdictional issue in this Court which we will raise on our own and, absent compliance with the Rule, we dismiss the appeal for lack of a final order. *Parks* v. *Hillhaven Nursing Home*, 309 Ark. 373, 829 S.W.2d 419 (1992); *Middleton* v. *Stilwell*, 301 Ark. 110, 782 S.W.2d 44 (1990); *King* v. *Little Rock School Dist.*, 296 Ark. 522, 758 S.W.2d 708 (1988).

Appeal dismissed.