Phyllis V. WILLIAMSON *v.* Robert MISEMER, et al.

93-772                                                   871 S.W.2d 396

Supreme Court of Arkansas
Opinion delivered March 7, 1994
[Rehearing denied April 18, 1994.]

*Ben E. Rice,* for appellants.

*Paul A. Schmidt,* for appellees.

JACK HOLT, JR., Chief Justice. The appellants, Phyllis V. Williamson and Glenda Haney, appeal a decision of the Lonoke County Chancery Court finding that, under a subdivision's covenants and restrictions, they may keep no more than four dogs on their lot and must remove tarps from structures, modify a travel trailer, and maintain a daily and nightly presence on the property. In his order, however, the chancellor failed to rule upon the appellants' counterclaim or upon the appellees' motion to dismiss the counterclaim. Unfortunately, the record is silent on the question of the disposition of the counterclaim. Therefore, the order is not final and appealable, and this appeal must be dismissed. Ark. R. Civ. P. 54(b).

Ms. Williamson and Ms. Haney are twin sisters who main-

tain residences in Heber Springs and Cabot, respectively. In May 1991, Ms. Williamson purchased a lot in the Trailwood Subdivision in Lonoke County for the purpose of providing a shelter for an undetermined number of dogs. She and her sister placed a travel trailer on the property for their use when attending to the animals.

On August 23, 1991, the appellees, property owners in the Trailwood Subdivision, filed a complaint in Lonoke County Chancery Court, seeking monetary damages and enforcement of the covenants and restrictions filed as a bill of assurance for the subdivision. They alleged that Ms. Williamson and Ms. Haney had failed to comply with the subdivision's covenants and restrictions by moving the travel trailer on the lot and acquiring and keeping stray dogs.

Ms. Williamson and Ms. Haney filed an answer and counterclaim on September 12, 1991, admitting that the covenants and restrictions had been filed but denying that they were aware of the requirements. The appellants declared that the complaint had no basis in law or in fact but was premised on speculation regarding how the property might be used. Moreover, they asserted that "the filing of this matter is premature and constitutes harassment." Alleging consequential "mental anguish and expense," the appellants asked for damages in their counterclaim and for other proper relief.

A temporary agreement was reached between the parties, supported by a temporary order entered on October 3, 1991, which provided that Ms. Williamson and Ms. Haney could keep two dogs each, or a total of four dogs, on the property. It was agreed that the dogs would be cared for on a daily basis and that the sisters would take turns staying on the property. No additional animals were to be placed on the premises, and if any of the four dogs died, no other dog would be allowed as a replacement. The temporary order specifically noted that "It was further agreed by the parties that all other issues set forth in the Plaintiffs' Petition and the Defendants' Counter-Petition would be reserved for a final hearing."

On May 12, 1992, the appellees answered the appellants' counterclaim and prayed that it be dismissed. A hearing was held

on June 19, 1992, before the Lonoke County Chancery Court. Nowhere in the record of that proceeding is there so much as a whisper of a reference to the counterclaim. The testimony focused on the dogs and the trailer, as well as the covenants and restrictions of the subdivision.

In its order, filed of record on March 31, 1993, the chancery court found that (1) the covenants and restrictions run with the land, and the appellants had notice of the covenants and restrictions at the time of closing; (2) the appellants are limited to four dogs, which are to be properly cared for at all times; (3) the structures built for the dogs may remain standing, but the blue tarps must be removed; (4) the trailer used by the appellants is a "travel trailer" which must be modified to comply with restrictions by removing the tongue and placing the vehicle on a permanent foundation or else must be removed; and (5) at least one of the appellants must be on the property daily and must spend the night. No finding was made with respect to the appellants' counterclaim. In fact, the counterclaim was not mentioned in the court's order.

This court will only review final matters on appeal. Ark. R. App. P. 2(a). A judgment that adjudicates fewer than all of the claims of all of the parties does not terminate the action. Ark. R. Civ. P. 54(b). The failure to comply with Rule 54(b) through the absence of an order adjudicating the rights of all parties is a jurisdictional issue that we are obligated to raise on our own. *State Farm Mutual Auto Ins. Co.* v. *Thomas*, 312 Ark. 429, 850 S.W.2d 4 (1993). We have repeatedly held that it is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover all of the parties and all of the claims. *Smith* v. *Leonard*, 310 Ark. 782, 840 S.W.2d 167 (1992).

We hold that there is no final, appealable order before us, and we accordingly dismiss the appeal for failure to comply with Ark. R. Civ. P. 54(b).

Dismissed.