Thomas E. MARONEY and Larry E. Parker *v.*
The CITY OF MALVERN and AS&GC, Inc.

93-1106                                        876 S.W.2d 585

Supreme Court of Arkansas
Opinion delivered May 31, 1994

*Baxter, Wallace, Jensen & McCallister*, by: *Ray Baxter* and *Karen Virginia Wallace*, for appellants.

*Glover, Glover & Roberts*, by: *David M. Glover*, for appellees.

JACK HOLT, JR., Chief Justice. Appellants Thomas E. Maroney and Larry E. Parker appeal the Hot Spring County Chancery Court's findings which: (1) enjoined them from crossing a reserve strip of land to obtain access to the public road known as Southgate Drive, which would provide an access to their property; and (2) dismissed their complaint for injunctive relief and to open a public roadway for appellants' use inasmuch as their lawsuit should have been brought in county rather than chancery court. We decline to reach the merits of this appeal as the trial court order did not cover all of the parties and their respective claims as required by Ark. R. Civ. P. 54(b).

This dispute arose when the mayor of Malvern placed a locked gate at the end of Southgate Drive which appellants claim left them with no means by which to enter upon their lands, thus blocking the ingress and egress to their property. Appellants filed a complaint for injunctive relief against the City of Malvern and James L. Scott, who owned a strip of property some two feet by fifty feet abutting Southgate Drive and adjacent to the appellants' property. Appellants wanted to require them to open the roadway from Southgate Drive across Mr. Scott's property to permit appellants access to their property. The City of Malvern countered by filing an answer to the effect that they had not violated its ordinances and regulations concerning roadways and developments and that the appellants' complaint be dismissed.

Mr. Scott also filed a motion to dismiss, stating that he was no longer titled owner to the reserve strip of property at the end of Southgate Drive in that he had divested himself of ownership

interest and that Arkadelphia Sand and Gravel Company ("AS&GC") was record owner. That same day, AS&GC filed a motion to intervene. A few days later, both motions were granted.

In addition to filing its answer in intervention, AS&GC filed a counterclaim and cross-complaint against the City of Malvern, contending that, in light of Ordinance Number 704 forbidding "reserve strips controlling access to land," it was entitled to a judgment declaring that the City of Malvern is equitably estopped from applying its 1973 ordinance relating to "reserve strips." AS&GC further claimed that the City of Malvern was estopped from denying AS&GC the right to complete the sale of remaining unsold lots in compliance with the terms of approval given to the original developer. AS&GC also requested an order restraining and enjoining appellants from trespassing on, over, or through the reserve strip of property at the end of Southgate Drive.

In a second amendment to its counterclaim, AS&GC admitted that it was mistaken in claiming ownership of the reserve strip at the end of Southgate Drive, when, in fact, James L. Scott remained its owner. As a result, Mr. Scott petitioned the court to set the order of dismissal aside, explaining that he had discovered that he did own the reserve strip of land. The motion was denied because the order granting the dismissal was entered more than ninety days earlier.

The City of Malvern also filed a counterclaim against the appellants, Maroney and Parker, asking that they be estopped from getting an injunction granting access across Southgate Subdivision and to its roadways; that the appellants be required to fulfill their obligations in constructing the roadways upon their property according to the master street plan of the City of Malvern; and, that a declaratory judgment be entered against [Maroney and Parker] requiring them to build the roadways in accordance with the street plan.

After reviewing the evidence as well as post-trial briefs and proposed precedents prepared by the parties, Special Chancellor Arnold found, in pertinent part:

> (1) That regardless of the contentions of the parties, James L. Scott holds the title to the reserve strip of land, 2' by 50' and his wife holds a dower interest in said land;

(2) That the Plaintiffs have to cross Scott's land to connect to any street of the City of Malvern;

(3) That the Plaintiffs contend they are landlocked and they should have access to the City Streets of Malvern through Southgate subdivision;

(4) That the Plaintiffs have not filed their action in the proper Court. . . .

The Arkansas Supreme Court ruled in *Cathryn Chadwick Yates* v. *Floyd Andrew Sturgis and Vanessa Sturgis*, 311 Ark. 617 (1993), that the County Court has exclusive original jurisdiction in this type of situation.

IT IS THEREFORE, CONSIDERED AND ORDERED that the Complaint of the Plaintiffs is dismissed as the County Court has exclusive original jurisdiction in this matter.

Plaintiffs are enjoined from crossing the property of James L. Scott until this matter is heard by the County Court of Hot Spring County.

Although the various claims and counterclaims raised by the parties were, for the most part, litigated, we are concerned that the record is silent on the question of the disposition of AS&GC's counterclaim and cross-complaint against the City of Malvern as well as the City of Malvern's counterclaim against the appellants. The counterclaims of intervenor, AS&GC, and the City of Malvern as well as AS&GC's cross-complaint against the City of Malvern, are viable causes of action which stand independent of the trial court's judgment in dismissing the complaint of the appellants and must not be left unadjudicated. *See South County, Inc.* v. *First Western Loan Co.*, 311 Ark. 501, 845 S.W.2d 3 (1993).

We will only review final matters on appeal. *See* Ark. R. App. P. 2(a). A judgment which adjudicates fewer than all of the claims of all of the parties does not terminate the action. Ark. R. Civ. P. 54(b). The purpose of Rule 54(b) is to prevent "piecemeal appeals while portions of the litigation remain unresolved." Reporter's Notes to Ark. R. Civ. P. 54(b).

■ The failure to comply with Rule 54(b) by the absence of an order adjudicating the rights of all parties is a jurisdictional issue that we are obligated to raise on our own. *State Farm Mut. Auto Ins. Co.* v. *Thomas*, 312 Ark. 429, 850 S.W.2d 4 (1993); *Smith* v. *Leonard*, 310 Ark. 782, 840 S.W.2d 167 (1992). Granted, the trial court may direct final judgment with regard to fewer than all of the claims or parties by an express determination that there is no just reason for delay. *State Farm Mut. Auto Ins. Co., supra*; Ark. R. Civ. P. 54(b). However, this was not done in this case. We have repeatedly held that it is not enough to dismiss some of the parties or to dispose of some of the claims; to be final and appealable, an order must cover all of the parties and all of the claims. *Williamson* v. *Misemer*, 316 Ark. 192, 871 S.W.2d 396 (1994); *Smith* v. *Leonard*, 310 Ark. 782, 840 S.W.2d 167 (1992).

■ In short, the chancellor failed to appropriately treat the counterclaims of AS&GC and the City of Malvern, as well as the City of Malvern's cross-complaint. For this reason, it is necessary for us to invoke Ark. R. Civ. P. 54(b) by dismissing this appeal.

Appeal dismissed.

BROWN, J., concurs.

ROBERT L. BROWN, Justice, concurring. I agree that this case should be dismissed for lack of compliance with Ark. R. Civ. P. 54(b) but only because the counterclaim by appellee City of Malvern prays for a declaratory judgment that appellants Maroney and Parker be required to build *all* of the roads in their new development in accordance with the City's Master Street Plan. That cause of action appears to be separate and apart from the appellants' complaint to open a public roadway, and the chancellor has subject matter jurisdiction to address this claim.

However, I disagree that the cross claims of AS&GC, Inc. have independent viability. Cross claims by definition arise out of the transaction or occurrence that is the subject matter of the original action or counterclaim. Ark. R. Civ. P. 13(f). Because the trial judge has determined that he has no subject matter jurisdiction over the original action, it follows that jurisdiction is also lacking to decide the cross claims. To the extent a cross claim is

alleged by AS&GC that raises matters outside the scope of the original action, I question its validity. In addition, the AS&GC counterclaim against the appellants appears to be directly related to their complaint to open a public road over the reserve strip. Again, the trial judge has recognized a lack of jurisdiction over this matter, and the counterclaim is not a separate claim.