375 Ark. 424

**Walter Dewayne RAMSEY, Administrator of the Estate of Norma Louise Ramsey, deceased, Walter Dewayne Ramsey, Wanda Grace Ramsey, and Joyce Ann Westfall, Appellants,**

v.

**BEVERLY ENTERPRISES, INC., Beverly Enterprises—Arkansas, Inc., Perennial Health Care Management, LLC, West Memphis Healthcare Center, LLC, Johnnie Belinda Looney, Trent P. Pierce, Bertram D. Kaplan, Frank G. Witherspoon, Jr., and Memphis Dermatology Clinic, P.A., Appellees.**

No. 08–1476.

Supreme Court of Arkansas.

Jan. 22, 2009.

Duncan E. Ragsdale, Memphis, TN, for appellants.

---

Womack, Landis, Phelps & McNeill, P.A., by: Paul McNeill, and Dustin H. Jones, Jonesboro, for appellee Trent P. Pierce.

Thomason, Hendrix, Harvey, Johnson & Mitchell, by: J. Kimbrough Johnson and Claire M. Cissell, for appellee Bertram M. Kaplan.

## MOTION TO DISMISS ON BEHALF OF DR. TRENT P. PIERCE

### PER CURIAM.

Appellee Dr. Trent P. Pierce has filed a motion to dismiss this appeal from the Crittenden County Circuit Court on the grounds that there has not been a final judgment entered in the case. We grant the motion and dismiss the appeal because not all of the claims against all the parties have been resolved and there has been no certification pursuant to Arkansas Rule of Civil Procedure 54(b) (2008) that there is no need for delay in deciding the case with respect to the parties now before us.

Appellants filed suit against the appellees on July 7, 2006. In an order dated September 28, 2008, the trial court granted motions to dismiss as to appellees Frank G. Witherspoon, Jr. and Memphis Dermatology Clinic. The trial court also granted summary judgment to appellees Trent P. Pierce (as to the claim asserted by the Estate of Norma Louise Ramsey only) and Bertram D. Kaplan on October 8, 2008, and October 15, 2008, respectively. Appellants filed a notice of appeal of the orders granting the motions to dismiss as well as the order granting summary judgment to Trent P. Pierce, on September 30, 2008, and filed an amended notice of appeal on November 5, 2008, to include the orders granting summary judgment.

In the notice of appeal, appellants claim to be appealing pursuant to Rule 2(a)(11) of the Arkansas Rules of Appellate Procedure—Civil; however, Rule 2(a)(11) states that an appeal may be taken from:

> An order or other form of decision which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in a case involving multiple claims, multiple parties, or both, if the circuit court has directed entry of a final judgment as to one or more but fewer than all of the claims or parties and has made an express determination, supported by specific factual findings, that there is no just reason for delay, and has executed the certificate required by Rule 54(b) of the Rules of Civil Procedure[.]

In this case, the individual claims filed by appellants were not dismissed in Pierce's grant of summary judgment, and there are still several claims against the remaining defendants that remain pending. And there is no evidence in the record that a Rule 54(b) certificate was requested of or issued by the trial court. The failure to comply with Rule 54(b) presents a jurisdictional issue in this court, and absent compliance with the Rule, we dismiss the appeal for lack of a final order. *Ashmore v. Paccar, Inc.*, 315 Ark. 490, 868 S.W.2d 80 (1994).

Motion granted; appeal dismissed.