2010 Ark. App. 753

# DEUTSCHE BANK NATIONAL TRUST COMPANY, Appellant

v.

# Mike AUSTIN, Appellee.

No. CA 10–268.

Court of Appeals of Arkansas.

Nov. 10, 2010.

Kathryn A. Stocks, Warner, Smith & Harris, PLC, Fort Smith, for appellant.

---

Philip Anthony Bagby, Bagby Law Firm, P.A., Van Buren, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Deutsche Bank National Trust Company appeals the January 12, 2010 order of the Sebastian County Circuit Court finding that appellee Mike Austin (1) had purchased certain residential property from David M. and G. Sue Swaithes; (2) had spent $40,732.59 making repairs to said property; and (3) was entitled to reimbursement in that amount from the first proceeds of any subsequent foreclosure and sale of said property by Deutsche. Deutsche argues multiple points as grounds for reversal: (1) it held a valid first lien on the property that was superior to any interest of Austin; (2) it was not unjustly enriched by Austin's repairs; (3) Austin failed to plead or otherwise raise the claim of unjust enrichment or predatory lending in his complaint; (4) Austin had no standing to raise a claim of predatory lending because there was no relationship between Deutsche and him; and (5) the Arkansas Deceptive Trade Practices Act is inapplicable in this case because the transactions involved are governed by federal law.

We hold that Deutsche's appeal must be dismissed for lack of a final, appealable order. Austin's complaint contained two counts. Count I alleged breach of contract and requested a declaratory judgment, and Count II alleged violations of the Arkansas Deceptive Trade Practices Act. However, the record fails to reflect that Count II has been adjudicated.

Arkansas Rule of Appellate Procedure—Civ. 2(a) (2010) permits appeals only from final orders of a trial court. An order must be final for the appellate court to have jurisdiction; thus, we may consider this issue even though the parties have not raised it. *Le v. Nguyen,* 2009 Ark. App. 642, 2009 WL 3153332. Pursuant to Rule 54(b) (2010) of the Arkansas Rules of Civil Procedure, an order in which fewer than all claims are adjudicated is not an appealable order unless the trial court expressly directs the entry of a final judgment to claims disposed of and expressly determines that there is no just reason for delay. *See Century Indus., Inc. v. Reach–Assocs., LLC,* 2010 Ark. App. 455, 2010 WL 2103558. In the instant case, all of Austin's claims have not been disposed of in the trial court's order. Because there was no final order from which to appeal, the appeal is dismissed without prejudice.

Appeal dismissed.

PITTMAN and KINARD, JJ., agree.