## 2010 Ark. App. 853

**Steve LOOKADOO, Appellant**

v.

**Gregory L. SWITZER, Katherine Switzer Miller, Douglas K. Switzer, and Kay McCollum Switzer Revocable Trust, Appellees.**

### No. CA 09–1342.

Court of Appeals of Arkansas.

Dec. 15, 2010.

Rehearing Denied Jan. 26, 2011.

Richard Franklin Hatfield, Little Rock, for appellant.

John Earle Tull, III, E. B. Chiles IV, Chad W. Pekron, Quattlebaum, Grooms, Tull & Burrow PLLC, Little Rock, for appellee.

RITA W. GRUBER, Judge.

Steve Lookadoo appeals the September 1, 2009 order of Arkansas County Circuit Court, Probate Division, granting summary judgment for the trustees of the Kay McCollum Switzer Revocable Trust (Kay's Trust) and dismissing his petition to construe the trust. After reviewing the facts in the light most favorable to the party resisting summary judgment, *Acuff v. Bumgarner*, 2009 Ark. App. 854, 371 S.W.3d 709, we affirm the decision of the circuit court.

On November 22, 2007, Kay created Kay's Trust and executed a pour-over will. She was trustee and successor trustees were her three adult children, who are appellees in the present case. Kay's Trust directed that, following her death and end of the administration of her estate, the trustees retain her Arkansas County farm in a separate trust for Steve's use and benefit (Steve's Trust) during his lifetime, if at her death he "was in a relationship" with her. Under the terms of the trust, the trustees were instructed to determine

in their "sole and absolute discretion," after consulting with the children, the existence of this relationship.

In January 2008 Kay died in Oklahoma. Her will was admitted to probate and her children appointed as executors. As permitted by the trust, the trustees changed the situs of the trust and the applicable law to Oklahoma. In April 2008 the children as executors of the estate filed in the Oklahoma court an application for construction and/or interpretation of testamentary documents, referring to both the will and Kay's Trust, and requesting permission to encumber the farm for administrative expenses and estate taxes. Steve filed a response and objection, asserting that as a beneficiary of Kay's Trust he would be directly affected by the relief the executors sought, which also would defeat the trust's directives. The executors moved to dismiss his response and objection, stating that he was not a beneficiary but had a mere expectancy based on a condition precedent. They stated that they had no intention of creating Steve's Trust because of their determination, which they had made after consulting with each other as Kay's children, that at her death there was no relationship between Steve and her.

In August 2008 Steve filed a petition to construe the trust in the Arkansas County Circuit Court. He asserted in the petition that jurisdiction for construction of Kay's Trust lay in Arkansas County because the corpus was located there and that the actions of Kay's children were as beneficiaries rather than trustees. He asked the court to determine that he had a relationship with Kay at her death and to prohibit the trustees from using the farm as collateral. In February 2009, upon the trustees' motion to dismiss Steve's petition, the court stayed the Arkansas proceeding pending resolution of the relationship issue in the Oklahoma court.

In May 2009 the trustees requested summary judgment in the Arkansas action on the basis that the Oklahoma court had granted summary judgment in their favor and confirmed their decision that there was no relationship between Steve and Kay. Steve filed a response and motion for summary judgment, asserting that Arkansas had jurisdiction because the case involved title to Arkansas real estate and that the Oklahoma order did not constitute res judicata or collateral estoppel.

In its September 1, 2009 order granting the trustees' motion for summary judgment and denying Steve's summary-judgment motion, the circuit court found as a matter of law that his petition to construe the trust was barred by res judicata and collateral estoppel. The judgment incorporated a letter opinion rejecting Steve's contention that the case involved a determination of title to Arkansas real estate, over which the Arkansas court had exclusive jurisdiction, and that Arkansas real estate law applied. The court noted that Kay's Trust gave the trustees sole and absolute discretion to determine whether a relationship existed at the time of her death, a condition precedent to establishing Steve's Trust. The court further noted that "pursuant to the trust, legal title to the farm is held by the trustees and will remain so until the assets are ultimately distributed according to the trust terms."

Steve appeals the order, asserting that the pertinent question before us is whether Kay's Trust or Steve's Trust is title holder of the farm. He argues that the Oklahoma court could not construe Kay's Trust because "it related only to the Arkansas farm, the sole asset, which was Arkansas real estate," and that the Arkansas circuit court should have decided whether the trustees breached their fiduciary duty in deciding that he lacked the required relationship with Kay. Steve asserts that sum-

mary judgment for the trustees was improper because res judicata does not apply to decisions of foreign courts affecting title to Arkansas real estate. Additionally, he complains that the Oklahoma decision was on appeal when the Arkansas court rendered its summary-judgment decision.

In *Crockett & Brown, P.A. v. Wilson*, 314 Ark. 578, 582, 864 S.W.2d 244, 246 (1993), our supreme court rejected an argument that an order on appeal was not final. Noting the close relationship between finality for purposes of appeal and finality for purposes of res judicata, the *Wilson* court stated that res judicata was designed to prevent a party's ability to "clog the courts and harass an adversary with suits on a claim already decided." *Id.* In *Reed v. Allen*, 286 U.S. 191, 199, 52 S.Ct. 532, 76 L.Ed. 1054 (1932), the Supreme Court ruled that "where a judgment in one case has successfully been made the basis for a judgment in a second case, the second judgment will stand as res judicata, although the first judgment be subsequently reversed."

The Arkansas court ruled in the present case that application of Arkansas real estate law was not required, explaining as follows:

> Pursuant to the trust, legal title to the farm is held by the trustees and will remain so until the assets are ultimately distributed according to the trust terms. The existence of a relationship between Mr. Lookadoo and Ms. Switzer is a condition precedent to whether or not the farm will be administered as a separate trust.

The Oklahoma court rightly decided this case as a matter of trust administration, not one of title to Arkansas real estate, and the Arkansas court properly rejected Steve's argument that it must determine title to the Arkansas farm. Steve presents no convincing argument and cites no authority pertaining to the Arkansas

court's findings regarding res judicata and finality of the Oklahoma action. We find no merit to Steve's argument regarding a lack of finality in the Oklahoma action.

Affirmed.

VAUGHT, C.J., and ROBBINS and GLOVER, JJ., agree.

HART and BAKER, JJ., dissent.

JOSEPHINE LINKER HART, Judge, dissenting.

The majority has made a fundamental mistake of law: it has decided a case over which it never acquired jurisdiction to consider. Generally, Appellate courts of this state only have jurisdiction over final orders. Ark. R.App. P.-Civ. 2(a)(1). Under Rule 2(a)(1), an appeal may be taken from a final decree entered by the circuit court that dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter. It is axiomatic that failure to dispose of all the issues renders the order not final, and therefore we are without jurisdiction. *E.g., Ramsey v. Beverly Enterprises, Inc.*, 375 Ark. 424, 291 S.W.3d 185 (2009). Jurisdiction is an issue we are bound to consider even though the parties have not raised it. *Deutsche Bank Nat'l Trust Bank v. Austin*, 2010 Ark. App. 753, 379 S.W.3d 669.

While it is true that Lookadoo's petition filed in Arkansas County was styled, *PETITION TO CONSTRUE TRUST*, and in part does pray that the trial court do so, that is not all that it does. The petition also includes as a separate count a cause of action for breach of an oral lease to the farm.

Under the Arkansas Rules of Civil Procedure, all that is required is "(1) a statement in ordinary and concise language of facts showing that the court has jurisdiction of the claim and is the proper venue

and that the pleader is entitled to relief, and (2) a demand for the relief to which the pleader considers himself entitled." Ark. R. Civ. P. 8(a). In addition to reciting that the Farm was situated in Arkansas County, under a subsection of Lookadoo's Arkansas County Petition titled *"Lease of Farm"* Lookadoo recites the following:

22. For several years prior to Kay's death, Steve had an oral agreement with Kay for lease of the Farm by which he had sole discretion to, and did, conduct the Farming operations by dealing with government agencies, establishing a bank account for, and payment of, Farm expenses and deposits of Farm income, and a limited Power of Attorney for dealing with the U.S. and Arkansas governmental entities regarding programs for the Farm. During this time, Steve and Kay borrowed funds from Farmers and Merchants Bank of Stuttgart to finance farming operations with Kay securing the loan with a mortgage on the Farm. All such loans were paid by Steve's farming operations.

23. As part of the lease, Steve made the annual note payments on the acquisition of the Farm to Merchant and Farmers Bank mortgage secured by the Farm, dated January 13, 1992, recorded January 14, 1992 in the Deed Records in Arkansas County (Exhibit 6).

24. In February 2008, Steve requested that the Switzer Children continue his agreement with Kay pursuant to Article FOURTH (b), but they refused to do so. In June 2008, without conferring with Steve, as required by Article FOURTH (b), the Switzer Children's attorney informed him that the Farm had been leased to a third party for the 2008 crop year.

25. Arkansas law provides that in the case of an oral lease, failure of the Lessor to give written notice by certified mail to the Lessee to discontinue an oral lease by June 30 of a calender year permits the Lessee to farm for the next calender year on the terms of the existing lease. No such notice was given to Steve by Kay who was the Lessor until her death. Therefore, Steve had a right to lease the Farm for 2008.

26. No such notice was given to Steve by the Switzer Children as Trustees before June 30, 2008, thus he had a right to operate the Farm in 2009 on the 2007 terms.

I submit that this quoted language is sufficient to set forth a factual allegation of a breach of a farm lease. It is settled law that on appeal, we are obligated to construe pleadings liberally in favor of the pleader, and every reasonable inference and intendment are indulged in his favor. *Helms v. Vaughn,* 250 Ark. 828, 467 S.W.2d 399 (1971).

Furthermore, this issue cannot be res judicata. It is black-letter law that under the doctrine of res judicata or claim preclusion, a valid and final judgment rendered on the merits by a court of competent jurisdiction bars another action by the plaintiff or his privies against the defendant or his privies on the same claim or cause of action. *Francis v. Francis,* 343 Ark. 104, 31 S.W.3d 841 (2000). I am mindful that res judicata bars not only the relitigation of claims which were actually litigated in the first suit, but also those which could have been litigated. *Id.* However, the test in determining whether res judicata applies is whether matters presented in a subsequent suit were necessarily within the issues of the former suit and might have been litigated therein. *Id.*

In the instant case, it would have been impossible for the Oklahoma court to have disposed of Lookadoo's claim for breach of a farm lease when it construed the trust. The Switzer children filed their petition to construe the trust in Oklahoma on April

14, 2008, and ↓₈Lookadoo alleged that the action for breach of the farm lease did not accrue until June of 2008. Moreover, the Oklahoma action only concerned the issue of whether Steve and Kay were in a relationship, the condition precedent for the creation of Steve's trust.[1] It is completely silent regarding the farm lease that Lookadoo claims was breached. Accordingly, whether or not Steve's Trust ever comes into being does not cut off Lookadoo's rights to his oral farm lease unless the lessor acts in accordance with Arkansas law. Because Kay's children were purporting to act in their capacity as Trustees, it was proper for Lookadoo to ask the Arkansas County Circuit Court to "construe the trust," if only to see that it granted them no such power.

Because the court of appeals never acquired jurisdiction to hear this appeal, I submit that the majority's opinion is simply void. *See Arkansas Const. & Excavation, LLC v. City of Maumelle,* 2009 Ark. App. 874, 2009 WL 4844643. Accordingly, I believe the majority erred when it endeavored to analyze the merits of Lookadoo's arguments. It is not our practice to issue advisory opinions. *Sanford v. Murdoch,* 374 Ark. 12, 285 S.W.3d 620 (2008).

1. The fourth article states in pertinent part:
   Following the death of the Grantor and the end of the administration of the estate of the Grantor, as determined in the sole and absolute discretion of the Trustees, if STEPHEN L. LOOKADOO is then living and was in a relationship with the Grantor at the time of the death of the Grantor, as determined by the Trustees after consulting with the Grantor's Children, the Trustees shall retain ... the farm ... in a separate trust (hereinbefore and hereinafter referred to as "Steve's Trust") for the use and benefit of STEPHEN L. LOOKADOO.