SOUTH COUNTY, INC. *v.* FIRST WESTERN LOAN CO. & John Taylor Hampton

92-357                                          845 S.W.2d 3

Supreme Court of Arkansas
Opinion delivered January 19, 1993

502

*Stephen M. Sharum* and *Mark E. Ford*, for appellant.

*Karr & Hutchinson*, by: *Michael Stubblefield* and *William H. Sutton* and *William A. Waddell, Jr.*, for appellees.

TOM GLAZE, Justice. Appellant, South County Inc., was formed in July 1985, to develop the South County Project. The South County Project was to be a mixed-use development in Greenwood, Arkansas. Appellant alleges that the appellees, First Western Loan Company and John Hampton, an officer of First Western, represented in January 1986, that they would provide the financing for the development. Appellant argues that relying on this representation, it expended a lot of time and money to further the development of the project. In July of 1986, the appellees advised the appellant that they would not fund the development of the project. Appellant was unable to obtain other financing, and the project failed. The appellees contend that they never issued a loan commitment and contend that First Western's role was to help assemble the loan package and take the package to potential investors.

In July of 1988, appellant filed suit against the appellees alleging a tort action for negligent misrepresentation and constructive fraud. Appellant also alleged a cause of action for breach of contract against First Western. Appellant sought recovery for its damages as well as punitive damages. Uerling & Associates, a creditor of the appellant, filed a motion to intervene and a complaint in intervention on November 4, 1988. In this motion, Uerling contended that the appellant was indebted to it for engineering and surveying services conducted on the project in the amount of $46,210.69. On November 8, 1988, Uerling's motion was granted without objection.

The appellees subsequently filed a motion for summary judgment. The trial court granted a partial summary judgment on October 9, 1991, on the tort causes of action and claim for

punitive damages against appellees First Western and John Hampton. This completely eliminated appellee John Hampton from the lawsuit but left alive the appellant's contract cause of action against First Western. In the order granting partial summary judgment, the trial judge stated that under ARCP Rule 54(b) there was no just reason for delay of the appeal of this decision. However, no mention was made of Uerling's complaint in intervention. Appellant took a voluntary dismissal without prejudice of the breach of contract action against First Western, which was filed on October 31, 1991. Again, there was no dismissal of Uerling's complaint in intervention.

Appellant appeals from the trial court's granting of the appellees' motion for a summary judgment on the tort cause of action.

Appellees first question whether appellant has complied with ARCP Rule 54(b). If appellees are correct, this court does not have jurisdiction and is prevented from reaching the merits of the appeal. We find the appellees' contention has merit, therefore we must dismiss this appeal.

In its attempt to comply with Rule 54(b), the trial court made the following a part of its order granting appellees' partial summary judgment:

> The Plaintiff represents to the Court and the Court so finds that the granting of Partial Summary Judgment on the issues of negligent misrepresentation, constructive fraud and punitive damages substantially limits the claim of the Plaintiffs against First Western Loan Company and completely eliminates the separate Defendant, John Taylor Hampton, from the litigation of this cause of action. Because of the expense of litigation required to be expended by the Plaintiff, including expert witness fees, and since the Plaintiff has represented to the Court that an appeal of the Partial Summary Judgment against John Taylor Hampton will be appealed in any event, to prevent piecemeal appeals and duplicative litigation if this decision is reversed on appeal, this Court finds, pursuant to Arkansas Rules of Civil Procedure, Rule 54 (b) that there is no just reason for delay of the appeal of this decision. The Court expressly directs entry of the Summary Judgment as

stated hereinabove and the Court further expressly authorizes and determines that it would be in the best interest of all parties that an appeal to this judgment be permitted by the Plaintiff and Defendants for the efficient administration of justice and to prevent duplicative trials and appeals.

The trial judge's assessment makes no mention of the intervenor-Uerling's claim. Nor does the record reflect what has happened to that claim. We have held that it is not enough to dismiss some of the parties, the trial court's order must cover all the parties and all the claims in order to be an appealable order. *Smith* v. *Leonard*, 310 Ark. 782, 840 S.W.2d 167 (1992). In *Fratesi* v. *Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984), this court found the trial court failed to grant a summary judgment in the whole case, and therefore the court was in no position to predict what evidence will be presented at trial relevant to all claims for relief sought by the appellants. The *Fratesi* court concluded that if it allowed the interlocutory appeal on one issue and subsequent errors occurred during the trial on the remaining issues, the case could be appealed a second time, resulting in two appeals where one would suffice. Here, Uerling's claim is still pending below, and another appeal involving that matter could possibly be required regardless of how we decide appellant's present appeal.[1] Of even more importance, it appears the trial judge never considered Uerling's claim when finding some likelihood of hardship or injustice existed which would be alleviated by an immediate appeal. *See Arkhola Sand & Gravel Co.* v. *Hutchinson*, 291 Ark. 570, 726 S.W.2d 674 (1987). As we said in *Hutchinson*, our role on appeal is not to reweigh the equities or reassess the facts, but to make sure that the conclusions derived from those weighings and assessments are judiciously sound and supported by the record. While we commend the trial court's efforts to present a record and order with specific facts to support its permitting a Rule 54(b) appeal, we conclude the trial court's order falls short because it altogether omits any reference to or consideration of the Uerling claim.

BROWN, J., dissents and would decide the case on the merits.

---

[1] Some mention of Uerling's claim and its status was offered in oral argument, but because such matters are not a part of the record, we cannot consider them in this appeal.