George E. MARTIN v. NATIONAL BANK OF COMMERCE
of El Dorado, Administrator of the Estate
of Cynthia Martin, Deceased

93-850                                      870 S.W.2d 738

Supreme Court of Arkansas
Opinion delivered February 21, 1994

*Shackleford, Shackleford & Phillips, P.A.*, by: *Norwood Phillips*, for appellant.

*Compton, Prewett, Thomas & Hickey, P.A.*, by: *William I. Prewett*, for appellee.

DONALD L. CORBIN, Justice. Appellant, George E. Martin, appeals an order of the Calhoun Chancery Court refusing to set aside a decree granting a divorce to appellant's wife, Cynthia Martin, dividing the marital property, and awarding her custody of the two children. We have jurisdiction of the appeal as it requires our interpretation of ARCP Rule 60(c) as to whether a trial court is required to receive evidence or conduct a hearing. However, we do not reach the merits of this appeal because there is not an appealable order consistent with ARCP Rule 54(b). Therefore, we must dismiss the appeal.

The procedural history of this case is as follows. Appellant and Cynthia Martin married on February 7, 1980. Cynthia Martin filed for divorce in Calhoun County on September 25, 1992. Appellant was served with the summons on October 2, 1992.

Appellant did not answer the complaint for divorce. Cynthia Martin appeared in the Calhoun Chancery Court and gave testimony relating to the divorce, custody of the couple's two children, and property settlement on January 11, 1993; appellant did not appear, by counsel or otherwise, at the divorce hearing. On that same day, the chancellor granted Cynthia a divorce from appellant; the decree also awarded her custody of the two children, directed appellant to pay child support, and divided the couple's marital property.

Appellant acknowledged receiving a copy of the divorce decree from Cynthia's attorney a few days after January 11, 1992, from which he did not appeal. On March 9, 1993, appellant filed a motion to set aside the divorce decree pursuant to ARCP Rule 60(b). Cynthia Martin died intestate on or about March 13, 1993, as a result of gunshot wounds she received on or about March 1, 1993. Appellee, National Bank of Commerce of El Dorado, was appointed as administrator of her estate and substituted as a party in the proceedings.

Realizing that the court would not act on his motion within the ninety-day limitation period of Rule 60(b), appellant amended his motion to set aside the divorce decree to include a request for relief under ARCP Rules 55 and 60. Specifically, appellant argued that the divorce and property distribution were obtained through Cynthia Martin's perjured testimony and that she fraudulently represented to appellant that she no longer intended to pursue the divorce. Appellant also asserted the defense of condonation. Appellee responded to appellant's motions arguing that appellant was barred from having the divorce set aside by the doctrines of estoppel and unclean hands in that he shot and killed Cynthia Martin under circumstances constituting murder.

Alpha Brown, appellant's aunt by marriage, filed a motion to intervene and complaint for intervention on or about May 6, 1993. In her motion, Ms. Brown, an elderly widow, claimed ownership of certain property that was distributed as marital property in the divorce decree. Specifically, she claimed ownership of $100,000 which she gave to the couple along with a power of attorney to invest in her name at a higher interest rate than she was receiving at the Calhoun County Bank. Ms. Brown also claimed ownership of a 1992 Lincoln Town Car which was pur-

chased using her 1987 Buick LeSabre as a trade and part of the $100,000. The chancellor granted Ms. Brown's motion to intervene on May 10, 1993. Ms. Brown's counsel twice requested a continuance of the proceedings. The first request was granted. The second request was based on the grounds that counsel could not be present on the scheduled hearing date. The second request went unanswered by the trial court, and counsel for appellant and appellee appeared in court on the scheduled date. The record does not indicate that the intervenor was present nor that she was represented by counsel.

The chancellor considered the pleadings and arguments of counsel made in open court on June 21, 1993, and entered an order refusing to set aside the divorce decree for lack of jurisdiction pursuant to Rule 60(b) in that more than ninety days had passed since the entry of the divorce decree on January 11, 1993. The order also stated that due to appellant's delay in responding to the divorce action, and due to Cynthia Martin's death, substantial prejudice would result to her estate if the chancellor were to reopen any part of the divorce proceeding. The order did not dispose of or even consider the intervenor's claims. The order was entered of record on June 24, 1993. This appeal followed.

On appeal, appellant does not contest that part of the chancellor's ruling asserting a lack of jurisdiction under Rule 60(b). Appellant does contest the court's dismissal of his claim that the decree was obtained through Cynthia Martin's fraudulent conduct. He argues the trial court erred in allegedly summarily dismissing his fraud claim without giving him an opportunity to present evidence of the fraud.

We do not reach the merits of appellant's claim because the trial court did not dispose of the intervenor's claim as is necessary pursuant to ARCP Rule 54(b). The order appealed from does not mention the intervenor's claim nor does it mention any facts that would allow a piecemeal appeal under Rule 54(b). As was the situation in *South County, Inc.* v. *First Western Loan Co.*, 311 Ark. 501, 845 S.W.2d 3 (1993), the record does not reflect what happened to the intervenor's claim. Therefore, the order appealed from disposes of less than all the claims in this suit and is not a final, appealable order. *Id.* The finality of an order is a jurisdictional requirement this court is obliged

to raise even when the parties do not. *Alberty* v. *Wideman*, 312 Ark. 434, 850 S.W.2d 314 (1993).

The appeal is dismissed.