C.W. RICHARDSON, Greg Richardson, and CWR
Construction, Inc. *v.* Carl and Norlene RODGERS

96–483                                            947 S.W.2d 778

Supreme Court of Arkansas
Opinion delivered July 14, 1997

*Anderson & Kilpatrick,* by: *Randy Murphy,* for appellants.

*Boswell, Tucker, Brewster & Hicks,* by: *Ted Boswell* and *John T. Holleman,* for appellees.

DAVID NEWBERN, Justice. This is an appeal from a default judgment. The appeal is dismissed for failure to comply with Ark. R. Civ. P. 54(b).

Carl Rodgers alleged he was seriously injured by a falling water pipe while working on renovation of the Pulaski County Courthouse. Mr. Rodgers was employed by IK Electric Service

Co., a subcontractor on the project. Mr. Rodgers and his wife, Norlene Rodgers, brought a negligence action to recover damages resulting from his injury and Ms. Rodgers's loss of consortium. The defendants were C.W. Richardson, Greg Richardson, CWR Construction, Inc. (referred to collectively as "CWR"), and Central Arkansas Risk Management ("CARM"). CWR Construction, Inc., was named as the prime contractor. The action against CARM was a direct action against the County's insurer.

In a timely answer, CARM denied liability. American States Insurance Company ("American"), the workers' compensation insurance carrier for IK Electric Service Co., filed a motion to intervene and a complaint in intervention. CWR failed to answer, and a default judgment was entered against them. A hearing was held on damages only, and awards totaling $1,450,000 and $50,000 were awarded to Mr. and Mrs. Rodgers, respectively, against CWR.

Based on its contention that CARM's answer denying negligence inured to CWR's benefit, and thus that there had been no default, CWR moved to set the default judgment aside pursuant to Ark. R. Civ. P. 55(c).

American's intervention complaint sought subrogation to the rights of Mr. Rodgers against the defendants. It stated that American had paid Mr. Rodgers $10,783.95 in medical payments and $19,192.42 in temporary total disability and permanent disability payments. The complaint also alleged that the payments to Mr. Rodgers were for the injuries he received due to CWR's negligence. The record does not disclose the disposition of American's claim.

The parties have not raised the question of the finality of the judgment or the failure to comply with Rule 54(b). When counsel were asked about the matter during oral argument, the response was that the claim of American was only a subrogation matter somehow subsumed in the position taken by the Rodgerses.

While it is true that American and the Rodgerses are on the same side vis-à-vis CWR and CARM, that is not so as between

them, and we have no idea whether American's intervention claim was adjudicated.

The failure to comply with Rule 54(b), indicated by the absence of an order adjudicating the rights of all parties is a jurisdictional issue that we are obligated to raise on our own. *Maroney v. City of Malvern,* 317 Ark. 177, 876 S.W.2d 585 (1994); *State Farm Mut. Auto Ins. Co. v. Thomas,* 312 Ark. 429, 850 S.W.2d 4 (1993). To be final and appealable, an order must cover all of the parties and all of the claims. *Maroney v. City of Malvern, supra; Williamson v. Misemer,* 316 Ark. 192, 871 S.W.2d 396 (1994).

An order is not appealable when it fails to mention an intervenor's claim and contains no recitation of facts which would allow a piecemeal appeal under Ark. R. Civ. P. 54(b). *Kinkead v. Spillers,* 327 Ark. 552, 940 S.W.2d 437 (1997); *Maroney v. City of Malvern,* 317 Ark. 177, 876 S.W.2d 585 (1994); *Martin v. National Bank of Commerce,* 316 Ark. 83, 870 S.W.2d 738 (1994); *South County, Inc. v. First Western Loan Co.,* 311 Ark. 501, 845 S.W.2d 3 (1993).

In *Martin v. National Bank of Commerce, supra,* we wrote,

> We do not reach the merits of appellant's claim because the trial court did not dispose of the intervenor's claim as is necessary pursuant to ARCP Rule 54(b). The order appealed from does not mention the intervenor's claim nor does it mention any facts that would allow a piecemeal appeal under Rule 54(b). As was the situation in *South County, Inc. v. First Western Loan Co.,* 311 Ark. 501, 845 S.W.2d 3 (1993), the record does not reflect what happened to the intervenor's claim. Therefore the order appealed from disposes of less than all the claims in this suit and is not a final, appealable order. *Id.*

Most recently in *Kinkead v. Spillers, supra,* we again dismissed because we found no mention of the disposition of the claim of an intervening lienor, Boatmen's Bank, in a property dispute between two other parties. We noted that intervention had been granted and thus there was no issue in that respect but we could not tell what had happened to the claim. Here we cannot even tell whether the intervention of American was allowed or whether

there may be issues concerning the intervention which may be subject to appeal. In the *Kinkead* case we wrote that the lien of Boatmen's Bank could not be protected by one of the parties to the underlying litigation and that "Boatmens' claim is not merely collateral to the [underlying dispute] and should be decided when disposing of the [underlying dispute]." The same is true of American's subrogation claim.

 CWR has failed to meet its burden of producing a record showing that the jurisdictional requirements of Rule 54(b) have been met. *See Cortese v. Atlantic Richfield,* 320 Ark. 639, 898 S.W.2d 467 (1995).

Appeal dismissed.

GLAZE, IMBER, and THORNTON, JJ., not participating.

Special Justices WARREN E. DUPWE, PAUL E. LINDSEY, and DAVID G. NIXON join in this opinion.