Pat JACKSON *v.* Dr. Dean DELIS, Ph.D., *et al.*

CA 01-735                                        67 S.W.3d 596

Court of Appeals of Arkansas
En Banc
Opinion delivered February 13, 2002

*Duncan & Rainwater, P.A.*, by: *Virginia Trammell*, for appellant.

*Barber, McCaskill, Jones & Hale, P.A.*, by: *John S. Cherry, Jr.*, and *D. Keith Fortner*, for appellee.

Per Curiam. Ms. Pat Jackson appeals from an order of dismissal granted by the Pulaski County Circuit Court that found it could not exercise personal jurisdiction over the defendant Dr. Dean Delis. Ms. Jackson raises two issues on appeal; however, because the order from which she appeals is not certified as a final judgment pursuant to Rule 54(b)(1) and (2) of the Arkansas Rules of Civil Procedure, we must dismiss.

This dispute arose from a workers' compensation claim made by Ms. Jackson. In June 1996, Ms. Jackson was involved in an automobile collision during the course of her employment. She sustained multiple injuries as a result of the collision, was treated by many doctors and psychologists, and began receiving workers' compensation benefits. Appellee Systemedic, Inc., (Systemedic) administered the details of Ms. Jackson's workers' compensation claim for her employer.

Approximately two years after Ms. Jackson's injury, Systemedic requested that appellee Dr. Delis, a California forensic consultant, review Ms. Jackson's medical records concerning whether Ms. Jackson had suffered a brain injury during her employment-related automobile accident. Ms. Jackson claims that, as a result of the findings made by Dr. Delis in his report, Systemedic stopped payment of her benefits.

Ms. Jackson sued Systemedic and Dr. Delis for negligence in Pulaski County Circuit Court, basing her claim on Dr. Delis's blatant disregard of the ethical rules of the medical profession in preparing his report and Systemedic's sole reliance on the report to discontinue her benefits. She later amended her complaint to add John Doe Systemedic Entity and John Doe Insurance Company as additional defendants. Dr. Delis answered and moved for dismissal of Ms. Jackson's complaint, alleging that the Pulaski County Circuit Court lacked personal jurisdiction over him. In its order entered March 16, 2001, the circuit court granted Dr. Delis's motion and dismissed the complaint against him. On March 30, 2001, the circuit court attempted to enter a final judgment pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure, but did not file a Rule 54(b) certification. In its order, the court noted that Ms. Jackson's claims and causes of action against defendant Systemedic remained pending before the court. Nevertheless, it held that there was no just reason to delay Ms. Jackson's appeal of the order dismissing Dr. Delis, stating that the appeal could be determinative

of the entire case. The court then directed the entry of a final judgment from which an appeal could be taken.[1]

██ Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure—Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. Arkansas Rule of Civil Procedure 54(b) further provides that, when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *See Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998); *South County, Inc. v. First W. Loan Co.*, 311 Ark. 501, 845 S.W.2d 3 (1993). Whether an order is final for purposes of appeal is a jurisdictional issue that this court is required to raise even if the parties do not. *Hambay v. Williams, supra.*

██ Rule 54(b) was amended by a *per curiam* of the supreme court that became effective February 1, 2001. *See In re Arkansas Rules of Civil Procedure 4, 12, 15, 45, 54, 56, and 78: and Arkansas Rules of Appellate Procedure—Civil 2 and 4*, 343 Ark. 858, 34 S.W.3d XV (2001). Rule 54(b) now provides that the court shall execute a certification of final judgment, as it appears in Ark. R. Civ. P. 54(b)(1), when it finds no just reason for delaying an appeal. Subsection (2) of this rule further provides that, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action.[2]

---

[1] The order made no mention of the separate John Doe defendants.

[2] (b) *Judgment Upon Multiple Claims or Involving Multiple Parties.*

(1) *Certification of Final Judgment.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. In the event the court so finds, it shall execute the following certificate, which shall appear immediately after the court's signature on the judgment, and which shall set forth the factual findings upon which the determination to enter the judgment as final is based:

Rule 54(b) Certificate

With respect to the issues determined by the above judgment, the court finds:

[Set forth specific factual findings.]

Upon the basis of the foregoing factual findings, the court hereby certifies, in accordance with Rule 54(b)(1), Ark. R. Civ. P., that it has determined that there is no just reason for delay of the entry of a final judgment and that the court has and

■ Because the court's March 30, 2001, judgment is not a final order as to all the parties, and there is not a Rule 54(b) certification that would justify an immediate appeal, this court is without jurisdiction to hear this case. Therefore, the appeal is dismissed without prejudice.

Appeal dismissed.

---

does hereby direct that the judgment shall be a final judgment for all purposes.

Certified this_____ day of _____,_____.

_____
Judge

(2) *Lack of Certification.* Absent the executed certificate required by paragraph (1) of this subdivision, any judgment, order, or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the judgment, order, or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all of the parties.

Ark. Rule Civ. P. 54(b).