Susan T. VER WEIRE  *v.*
CNA FINANCIAL CORPORATION
and Continental Casualty Insurance Company, Inc., *et al.*

CA 04-1355                                     213 S.W.3d 646

Court of Appeals of Arkansas
Opinion delivered September 21, 2005

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Byron Freeland* and *Leigh Anne Shults*, for appellees.

PER CURIAM. Appellant, Susan Ver Weire, appeals a Washington County Circuit Court order granting summary judgment in favor of appellees Continental Casualty Insurance Com-

pany, Inc., Continental Assurance Company, American Bar Insurance Plans Consultants, Inc., American Bar Insurance Group Trust, and Shawn Bingham. We do not address the merits of this case because the order appellant appeals from does not resolve all of her claims against all of the defendants and, therefore, is not a final, appealable order as required by Ark. R. Civ. P. 54(b).

This action initially was brought by appellant and her then husband, William Ver Weire, against defendants, CNA Financial Corporation, Continental Casualty Insurance Company, Inc., Continental Assurance Company, American Bar Insurance Plans Consultants, Inc., American Bar Insurance Group Trust, Shawn Bingham, individually, Timothy Pfeiffer, individually, and John Does Nos. 1 through 50, for their failure to provide insurance coverage for appellant under a medical–insurance plan offered by the American Bar Association. The Ver Weires' complaint alleged causes of action against the defendants for fraud, detrimental reliance, bad faith, breach of fiduciary duty, violation of the Arkansas Deceptive Trade Practices Act, breach of contract, and civil conspiracy and sought both compensatory and punitive damages.

All of the defendants, except the John Doe defendants, were served with process, and a single answer was filed on behalf of the "Defendants." Separate defendant CNA Financial Corporation was dismissed from the lawsuit by an order entered May 12, 2004. On May 21, William Ver Weire's claims against the defendants were voluntarily dismissed with prejudice.[1] Thereafter, the court granted a partial summary judgment and dismissed, with prejudice, appellant's claims for fraud, detrimental reliance, bad faith, breach of fiduciary duty, and civil conspiracy against defendants Continental Casualty Insurance Company, Inc., Continental Assurance Company, American Bar Insurance Plans Consultants, Inc., American Bar Insurance Group Trust, and Shawn Bingham. On August 25, 2004, the court entered a supplemental summary judgment that dismissed appellant's remaining claims for breach of contract and violation of the Arkansas Deceptive Trade Practices Act against these defendants with prejudice. The orders entered by the court did not address appellant's claims against the remaining defendants, Timothy Pfeiffer and John Does Nos. 1 through 50.

---

[1] The Ver Weires were divorced on February 25, 2004.

██ ██ Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure – Civil provides that an appeal may be taken only from a final judgment or decree entered by the trial court. The question of whether an order is final and subject to appeal is a jurisdictional question that the court will raise on its own. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 110 S.W.3d 725 (2003). Under Rule 54(b) of the Arkansas Rules of Civil Procedure, an order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998); *see also Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998) (holding that an order granting summary judgment to the defendant was not a final, appealable order because an order of dismissal had not been entered for the appellant's claims against the John Doe defendants.)

██ Rule 54(b) allows a trial court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment as it appears in Rule 54(b)(1). However, absent this required certification, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *See Jackson v. Delis*, 76 Ark. App. 436, 67 S.W.3d 596 (2002).

██ In the instant case, there is neither a final order as to defendants Pfeiffer and John Doe Nos. 1 through 50, nor is there a Rule 54(b) certification. We therefore do not have jurisdiction to hear this appeal.

Appeal dismissed without prejudice.