IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs at Knoxville December 13, 2011

**JAMES E. KENNER v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 94-B-694   J. Randall Wyatt, Jr., Judge**

———————————

**No. M2011-01131-CCA-R3-CO - Filed April 23, 2012**

———————————

The Petitioner, James E. Kenner, appeals the Davidson County Criminal Court's denial of his petition for a writ of error coram nobis regarding his convictions for five counts of aggravated burglary, five counts of theft of property valued at $1000 or more, and one count of unlawful possession of a weapon, for which he is serving an effective seventy-five year sentence as a career offender. The Petitioner contends that the trial court erred in summarily dismissing his petition. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

James E. Kenner, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Victor S. (Torry) Johnson, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The Petitioner's convictions arise from a series of home burglaries occurring in Nashville in March, April, and May 1993. Personal property was taken from the homes. The Petitioner was apprehended at the scene of the last burglary after a neighbor saw him drive out the driveway of the burglarized home, return to the scene, walk to the back door, and then attempt to leave in his car, only to be blocked in the driveway by the police. This court affirmed the Petitioner's convictions on direct appeal. State v. James E. Kenner, No. 01C01-9503-CR-00052, Davidson County (Tenn. Crim. App. Feb. 13, 1996) (Kenner I), perm. app. denied (Tenn. July 1, 1996). The Petitioner filed a petition for post-conviction relief, which

was denied. This court affirmed the post-conviction judgment. James E. Kenner v. State, No. 01C01-9709-CR-00424, Davidson County (Tenn. Crim. App. May 26, 1999) (Kenner II), perm. app. denied (Tenn. Oct. 4, 1999).

The petition in this case alleged that the Petitioner was entitled to a writ of error coram nobis based upon an article published by the National Academy of Forensic Examiners that he contends casts doubt upon the evidence of the identification of his fingerprints at the crime scenes. The petition alleged that at the Petitioner's trial, the State's expert witness in fingerprint identification testified that fingerprint identification was an exact science and that she determined that the Petitioner's known fingerprints matched those found at the burglarized homes. The Petitioner alleged that he first learned about the article on April 1, 2010, and that the article was first published in June 2009. The petition was filed on July 26, 2010. The petition also alleged that the State's expert witness testified falsely that the Petitioner's fingerprint was found on a stereo cabinet that was never recovered. The trial court summarily dismissed the petition because it was not filed within the statute of limitations and did not require due process tolling of the limitations period.

On appeal, the Petitioner contends that the trial court erred in dismissing the petition as untimely, thereby denying him the opportunity to establish factual innocence at a hearing. The Petitioner concedes that his petition was not filed within the statute of limitations but argues that due process principles require that the statute be tolled. The State responds that the trial court's disposition was proper. We agree with the State.

A writ of error coram nobis lies "for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." T.C.A. § 40-26-105 (2006); State v. Hart, 911 S.W.2d 371, 374 (Tenn. Crim. App. 1995). The decision to grant or deny such a writ rests within the sound discretion of the trial court. Teague v. State, 772 S.W.2d 915, 921 (Tenn. Crim. App. 1988). A petition for writ of error coram nobis must be filed within one year of the date the judgment becomes final in the trial court. T.C.A. § 27-7-103 (2000); State v. Mixon, 983 S.W.2d 661, 663 (Tenn. 1999); State v. Ratliff, 71 S.W.3d 291, 295 (Tenn. Crim. App. 2001). The only exception to the statute of limitations is when due process principles require tolling. Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001).

Despite the one year statute of limitations, due process may require tolling of the limitations period if a petitioner seeks relief based upon newly discovered evidence of actual innocence. Harris v. State, 301 S.W.3d 141, 145 (Tenn. 2010); Workman, 41 S.W.3d at 101. "'Before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an

2

opportunity for the presentation of claims at a meaningful time and in a meaningful manner.'" Workman, 41 S.W.3d at 102 (quoting Burford v. State, 845 S.W.2d 204, 208 (Tenn. 2002)). Nevertheless, a petitioner seeking relief under the statute must exercise due diligence in presenting claims that fall outside the statute of limitations. Harris, 301 S.W.3d at 144; Mixon, 983 S.W.2d at 670.

The Petitioner argues that the State did not file a pleading that raised the statute of limitations as a defense and that the trial court erred by dismissing the petition because the defense was not raised by the State. Our supreme court has said that the State bears the burden of raising the coram nobis statute of limitations as an affirmative defense. See Harris v. State, 102 S.W.3d 587, 594 (Tenn. 2003); see also Harris, 301 S.W.3d at 144. The record supports the Petitioner's assertion that the trial court dismissed the petition sua sponte and that the State never asserted the statute of limitations as an affirmative defense. We note, however, that the Petitioner anticipated the statute of limitations defense, contending in his petition that the statute of limitations should be tolled on due process grounds pursuant to Workman, 41 S.W.3d at 101-02, and Freshwater v. State, 161 S.W.3d 548 (Tenn. Crim. App. 2004), and alleged facts that he claimed supported due process tolling. In its order, the trial court rejected the Petitioner's allegations regarding due process tolling. Our supreme court has said, "Although Tenn.R.Civ.P. 8.03 does require that a statute of limitations defense be specifically pleaded, it is well settled that failure to do so does not result in a waiver of the defense if the opposing party is given fair notice of the defense and an opportunity to rebut it." Sands v. State, 903 S.W.2d 297, 299 (Tenn. 1995). The record supports that the Petitioner was aware of the statute of limitations issue and that he made allegations in a preemptive attempt to rebut it as a defense.

We consider, therefore, whether the trial court properly determined that principles of due process did not require tolling of the statute of limitations. Our supreme court has said that determining whether due process requires tolling requires a three-step analysis in which the court must

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," Burford, 845 S.W.2d

3

at 207, against the State's interest in preventing the litigation of "stale and fraudulent claims." Id. at 208.

Id. at 301. The Petitioner's conviction became final on July 1, 1996, when the supreme court denied his application for permission to appeal. Kenner I, slip op.

With respect to whether the grounds for relief are later arising, the Petitioner notes that the article upon which he relies was published in June 2009. Based upon the article, he characterizes the State's fingerprint expert's testimony as false. He also argues that despite her testimony that his fingerprint was found on a stereo cabinet, the stereo cabinet was never recovered. He also argues that contrary to the witness's testimony that fingerprint identification was an exact science, the article states that it is not.

The article does not address the evidence in this case, nor does it discredit fingerprint identification evidence altogether. Although the article addresses concerns about the accuracy and reliability of fingerprint analysis, it nevertheless characterizes such analysis "as a valuable tool, both to identify the guilty and to exclude the innocent." According to this court's opinion in the Petitioner's post-conviction case, trial counsel testified at the post-conviction hearing "that Allen Barrett, an attorney and former FBI fingerprint analyst, examined the fingerprints and concluded that the police correctly matched the fingerprints found at the crime scenes with those of the [P]etitioner." Kenner II, slip op. at 4. The article does not constitute later arising evidence that requires tolling of the statute of limitations.

With regard to the Petitioner's allegations that the State's witness testified that the Petitioner's fingerprint was found on an unrecovered stereo cabinet, this factual information existed at the time of the trial. It was not later arising.

Because we have determined that the evidence was not later arising, further analysis of the Petitioner's opportunity to present the claims before the statute of limitations expired was not necessary. The trial court properly dismissed the petition. The Petitioner is not entitled to relief.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

4