SLIP OPINION



Cite as 2013 Ark. App. 562

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV–12–991

|  |  |
|---|---|
| DR. MAHMOOD AHMAD <br> APPELLANT | **Opinion Delivered** October 9, 2013 <br><br> APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT <br> [NO. CV-2008-333-2] |
| V. |  |
| DR. MERAJ SIDDIQUI and HORIZON PAIN, INC. <br> APPELLEES | HONORABLE ADAM HARKEY, JUDGE <br><br> DISMISSED |

## ROBERT J. GLADWIN, Chief Judge

Appellant, Dr. Mahmood Ahmad ("Ahmad"), appeals from an order entered on July 26, 2012, by the Independence County Circuit Court. Ahmad argues that the circuit court erred in denying his requests to remove the Special Master in the case and to set aside the Special Master's report for failure to comply with Arkansas Rule of Civil Procedure 53. He also argues that appellee Dr. Meraj Siddiqui ("Siddiqui") had no standing and failed to state a factual and legal basis for his derivative action.

In the record before us, there is no written order that was filed by the circuit court dismissing Siddiqui's personal action with prejudice—only references to a supposed dismissal in comments made by the circuit court during the discussion prior to the June 6, 2011 entry of the Consent Judgment Conditioned Upon Stipulated Settlement. This court remanded

the case to the circuit court to settle the record on March 6, 2013, but the documents that were added to the record do not include any type of order related to this issue.

In *Shackelford v. Arkansas Power & Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998), our supreme court stated that

> [i]t is well settled that the failure to obtain a final order as to all the parties and all the claims, as required by Ark. R. Civ. P. 54(b), renders the matter not final for purposes of appeal. *Hodges v. Huckabee*, 333 Ark. 247, 968 S.W.2d 619 (1998); *Richardson v. Rodgers*, 329 Ark. 402, 947 S.W.2d 778 (1997). Because a violation of Rule 54(b) relates to subject–matter jurisdiction of this court, we must raise the issue on our own. *Hodges*, *supra*; *Richardson*, *supra*.
>
> . . . Pursuant to Ark. R. Civ. P. 41(a), a plaintiff may file a motion requesting a voluntary dismissal (or nonsuit) of a claim or claims against one or all of the defendants. . . . In *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997), we recently held that the mere filing of a motion to dismiss is insufficient to conclude the action. Instead, the claim against the defendant remains until the trial court enters an order of dismissal. *Id.* Stated differently, an order of dismissal (or nonsuit) does not become effective until it is entered. *Id.*; *see also Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989).

*Shackelford*, 334 Ark. at 636, 976 S.W.2d at 951–52. Because there is neither a final order as to Siddiqui's personal claims nor a Rule 54(b) certification, we do not have jurisdiction to hear this case. Accordingly, we hold that the order is not final and dismiss the appeal without prejudice.

Dismissed.

GLOVER and WHITEAKER, JJ., agree.

*Satterfield Law Firm, PLC*, by: *Guy "Randy" Satterfield*, for appellant.

*Murphy, Thompson, Arnold, Skinner & Castleberry*, by: *Tom Thompson* and *Casey Castleberry*, for appellees