

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV-15-589

| | |
|---|---|
| | **Opinion Delivered** FEBRUARY 24, 2016 |
| JERRY D. DUVALL, WANDA DUVALL, R.D. WILLIAMS & COMPANY, AND XTO ENERGY INC. <br><br> APPELLANTS | APPEAL FROM THE CONWAY COUNTY CIRCUIT COURT [NO. 15CV-2013-057] |
| V. | HONORABLE DAVID H. MCCORMICK, JUDGE |
| VICKI E. CARR-POOL AS TRUSTEE OF TRV IRREVOCABLE TRUST <br> APPELLEE | DISMISSED WITHOUT PREJUDICE |

## DAVID M. GLOVER, Judge

This case concerns the ownership of mineral interests in Conway County. Wanda and Jerry DuVall appeal from a March 16, 2015 "Order of Judgment" in which the trial court found in favor of Vicki E. Carr-Pool, trustee of the TRV Irrevocable Trust. The DuValls filed a motion for new trial on March 20, 2015, which was deemed denied on April 20, 2015. On April 21, 2015, they filed their notice of appeal, contending the trial court 1) incorrectly found the trust acquired title to the mineral rights through adverse possession and 2) incorrectly found the dower rights of a predecessor in title to be relevant. We must dismiss the appeal because it is not from a final order.

In addition to the DuValls, two other defendants were named and served in the petition to quiet title and for declaratory judgment filed by Vicki E. Carr-Pool, as trustee of TRV Irrevocable Trust. Those additional defendants were R.D. Williams and Company

SLIP OPINION

and XTO Energy, Inc.   The "Joint Stipulated Facts", filed June 23, 2014, specifically references XTO as a separate defendant in the first paragraph.   Subsection C of the document states in Paragraph 25:   "August, 2012, XTO Energy Inc. suspended royalty payments to the TRV Irrevocable Trust for the property at issue based on alleged title defects."   Paragraph 26 provides:   "XTO Energy Inc. and R D Williams and Company entered into an independent contractor agreement with respect to the acquisition by R D Williams and Company of oil and gas leases in an area which included the lands which are the subject of this litigation."

The introductory paragraph of the March 16, 2015 order mentions both XTO Energy, Inc. and R.D. Williams and Company as defendants but does not address them further in the body of the order.   Moreover, there is no indication in the record that they were dismissed from the case.

The question of whether an order is final and subject to appeal is a jurisdictional question that our court will raise regardless of whether the parties have addressed the issue. *Ver Weire v. CNA Fin. Corp.*, 92 Ark. App. 353, 213 S.W.3d 646 (2005).   An order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Id.*   Rule 54(b) allows a trial court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to fewer than all the claims or parties by executing a certification of final judgment. *Id.*   Absent this required certification, however, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Id.*

2

Here, there is no final order with respect to the named defendants, XTO Energy, Inc. and R.D. Williams and Company. Neither is there a Rule 54(b) certificate. Consequently, we do not have jurisdiction to hear this appeal.

Dismissed without prejudice.

ABRAMSON and HARRISON, JJ., agree.

*Gordon & Caruth, PLC*, by: *Ben Caruth* and *Jeannie L. Denniston*, for appellants.

*Cullen & Co., PLLC*, by: *Tim Cullen*, for appellee.