

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CV-16-676

|  |  |
|---|---|
| | Opinion Delivered March 29, 2017 |
| DERAN FORD, AS ADMINISTRATOR OF THE ESTATE OF HERMAN P. FORD, DECEASED, AND AS NEXT FRIEND ON BEHALF OF INDYIA FORD, A MINOR<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTH DIVISION<br>[NO. 60CV-14-4086] |
| V. | |
| NATASHA MILOJKOVIC, M.D., MATTHEW STELIGA, M.D., THADDEUS BARTTER, M.D., TEKA BARTTER, A.P.N., AND KYLE KALKWARF, M.D.[1]<br>APPELLEES | HONORABLE TIMOTHY DAVIS FOX, JUDGE<br><br>DISMISSED WITHOUT PREJUDICE |

## BRANDON J. HARRISON, JUDGE

Deran Ford, as administrator of the estate of Herman P. Ford, and as next friend on behalf of Indyia Ford, a minor, appeals the Pulaski County Circuit Court's grant of summary judgment in favor of several doctor defendants. We dismiss the appeal without prejudice for lack of a final, appealable order.

On 26 September 2011, Herman Ford visited the emergency room (ER) at the University of Arkansas for Medical Sciences (UAMS) for treatment of a chronic cough. A

---

[1]We note that Thaddeus Bartter, M.D., and Teka Bartter, A.P.N., are not proper appellees in this appeal, because Ford has not asserted any error on appeal in their dismissal from the case. We also note that Ford does assert error in the grant of summary judgment to Dr. Angela Pennisi, but she was not listed as an appellee.

chest x-ray revealed a tumor in his chest, and the ER physician recommended that Ford be further evaluated by an oncologist and that a chest CT be performed. Over the next year, Ford was seen by several physicians and underwent chemotherapy treatment. In October 2012, he returned to UAMS and was hospitalized for twelve days due to his poor nutritional status. He was discharged on October 24 but returned to the ER on October 29 suffering from chest palpitations, shortness of breath, pneumonia, and severe dehydration. He later went into cardiac arrest and died on 1 November 2012.

On 24 October 2014, Deran Ford, Herman Ford's brother, filed a complaint in the Pulaski County Circuit Court alleging negligence and malpractice in Herman's diagnosis and care. Ford's complaint named eight doctors, a nurse practitioner, UAMS, the University of Arkansas system (UA), and John Does 1–10. Between March 2015 and May 2016, all named parties except UA were either dismissed or granted summary judgment. Deran has now appealed the summary judgment granted to four doctors: Drs. Kalkwarf, Steliga, Milojkovic, and Pennisi.

We cannot reach the merits of Ford's argument, however, because we lack a final, appealable order. The record indicates that UA was served on 19 February 2015, but there is no indication in the record that UA was dismissed from the case. Whether an order is final and subject to appeal is a jurisdictional question that our court will raise regardless of whether the parties have addressed the issue. *Ver Weire v. CNA Fin. Corp.*, 92 Ark. App. 353, 213 S.W.3d 646 (2005). An order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Id.* Rule 54(b) allows a circuit court, when it finds no just reason for delaying an appeal, to direct entry of a final judgment as to

fewer than all the claims or parties by executing a certification of final judgment. *Id.* Absent this required certification, however, any judgment, order, or other form of decision that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action. *Id.* In this case, there is no final order with respect to UA, a named and served defendant. Neither is there a Rule 54(b) certificate. Consequently, we do not have jurisdiction to hear this appeal and must dismiss the case.

We also take this opportunity to address Ford's deficient addendum. Rule 4–2(8) of the Rules of the Arkansas Supreme Court and Court of Appeals requires the addendum to contain all documents in the record on appeal "that are essential for the appellate court to confirm its jurisdiction, to understand the case, and to decide the issues on appeal." Ford's addendum contains the orders granting summary judgment to Drs. Milojkovic, Pennisi, Kalkwarf, and Steliga, but it does not include (1) the order granting UAMS's motion to dismiss; (2) the order granting Dr. Bhatti's motion to dismiss; (3) the order granting summary judgment to Dr. Bartter and Teka Bartter, APN; and (4) the order dismissing Drs. Rutlen and Paydak. In addition, any order disposing of UA should also be in the addendum. Without these orders, we cannot determine that all parties have been disposed of and therefore confirm our jurisdiction.

Finally, a motion to dismiss filed by Drs. Rutlen, Paydak, Bartter, Bhatti, and Teka Bartter, APN, was filed with this court and submitted with the case. Based on Ford's brief, he has abandoned any appeal of these parties' dismissal below; nevertheless, they are asking this court to dismiss Ford's appeal as to them "out of an abundance of caution." We deny

this motion without prejudice; these defendants are not parties on appeal, so we have nothing to dismiss as to them.

Dismissed without prejudice.

GLADWIN and MURPHY, JJ., agree.

*Frances Morris Finley* and *Willard Proctor, Jr.*, for appellant.

*Mitchell, Woods, Selig, Gates & Woodyard, P.L.L.C.*, by: *Jane W. Duke* and *Graham Talley*, for appellees Natasa Milojkovic, M.D., and Angela Pennisi, M.D.

*Friday, Eldredge & Clark, LLP*, by: *J. Adam Wells*, for appellees Matthew Steliga, M.D., and Kyle Kalkwarf, M.D.