Cite as 2019 Ark. App. 575

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-19-66

|  |  |
|---|---|
| CITY OF FORT SMITH, ARKANSAS | **Opinion Delivered** December 4, 2019 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCV-17-285] |
| V. |  |
| B & A ELECTRIC, INC.; MEGEHEE FENCE CONTRACTING, LLC; GRIMES DOZER SERVICE, INC.; JAMES GRIFFITH; AND RIVER VALLEY SPORTS COMPLEX, INC. | HONORABLE STEPHEN TABOR, JUDGE |
|  | DISMISSED WITHOUT PREJUDICE |
| APPELLEES |  |

**LARRY D. VAUGHT, Judge**

The City of Fort Smith (the City) appeals the Sebastian County Circuit Court's entry of judgment against it for breach of contract in favor of B & A Electric, Inc.; Megehee Fence Contracting, LLC; Grimes Dozer Service, Inc.; and James Griffith (the contractors), who were hired by River Valley Sports Complex (RVSC) to construct a sports complex on City-owned land. We dismiss this appeal without prejudice for lack of a final order.

The City and RVSC entered into a written contract in March 2014 for the construction of a sports complex on City-owned land after RVSC principals Jake Files and Lee Webb presented the project to the city board. The City agreed to contribute up to $1.6 million in amounts payable when construction reached specific milestones. RVSC solicited donations to cover the remaining costs of the project. The contract required RVSC to complete the project

by June 10, 2015, but stated that after construction was complete, the City would lease the complex back to RVSC for ten years.

RVSC began work on the project in 2014, and it hired the four appellees as contractors to provide materials and services. By the scheduled completion date, however, RVSC had not substantially completed the work. Work continued into 2016 as a result of two negotiated extensions granted by the City. The City paid RVSC over $1.08 million, but in early 2017, RVSC permanently ceased working on the project after having failed to meet the second deadline extension. When RVSC abandoned the project, it owed all four contractors payment for work and materials they had already provided. The contractors sought payment from RVSC, but RVSC did not have sufficient funds to pay. The contractors then sued the City for breach of contract and unjust enrichment. The City filed a third-party complaint against RVSC for breach of contract and contractual indemnity.

The case went to trial before a jury. After the close of the contractors' case, the City moved for directed verdict on both claims. The court denied the motion. At the close of all evidence, the City renewed its motion, which the court again denied. The jury returned verdicts in favor of the contractors for the full amount of their requested damages on both their breach-of-contract claims and their unjust-enrichment claims. The jury found in favor of RVSC on the City's third-party claims. The parties agreed that the jury's verdicts granting relief to the contractors on their breach-of-contract claims and unjust-enrichment claims were incompatible, and with the consent of the parties, the court entered judgment against the City on only the contractors' breach-of-contract claims.

The court's order, which erroneously stated that it had granted a directed verdict in favor of RVSC and had dismissed the third-party complaint against it, went on to enter

2

judgment against the City on the contractors' contract claims. The order does not address the unjust-enrichment claim.

We must dismiss this appeal without prejudice for lack of a final and appealable order. The court's judgment does not mention or dispose of the contractors' unjust-enrichment claims. The City acknowledges in its brief that "there is—strictly speaking—no final judgment on the unjust enrichment claims to appeal." Moreover, both parties argue the merits of the unjust-enrichment claims.

The Arkansas Supreme Court has repeatedly held that pursuant to Rule 54(b) of the Arkansas Rules of Civil Procedure, an order is not final that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties. *Bulsara v. Watkins*, 2010 Ark. 453, at 5. In *Bulsara*, the jury found in favor of the defendant, Dr. Watkins, and the court entered judgment dismissing with prejudice Bulsara's claim against Dr. Watkins, but the court's judgment failed to address Dr. Watkins's cross-claim against third-party defendant, St. Vincent Doctor's Hospital. The Arkansas Supreme Court dismissed the appeal without prejudice due to lack of a final order, citing Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil, which provides that an appeal may be taken only from a final judgment or decree entered by the trial court. *Id.* at 5. Consequently, we lack jurisdiction to decide the merits of the present case because the order being appealed failed to dispose of the contractors' unjust-enrichment claims.

Dismissed without prejudice.

SWITZER and MURPHY, JJ., agree.

*Gilker & Jones, P.A.*, by: *Michael R. Jones*, for appellant.

*Walters, Gaston, Allison & Parker*, by: *Derick Allison*, for appellees.

3