Cite as 2021 Ark. App. 334

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-20-354

|  |  |
|---|---|
| CITY OF FORT SMITH, ARKANSAS | **Opinion Delivered** September 15, 2021 |
| APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT |
| V. | [NO. 66FCV-17-285] |
| B & A ELECTRIC, INC.; MEGEHEE FENCE CONTRACTING, LLC; GRIMES DOZER SERVICE, INC.; JAMES GRIFFITH; AND RIVER VALLEY SPORTS COMPLEX, INC. | HONORABLE STEPHEN TABOR, JUDGE |
| APPELLEES | DISMISSED |

## LARRY D. VAUGHT, Judge

The City of Fort Smith (the City) appeals the Sebastian County Circuit Court's entry of judgment against it following a jury verdict on breach-of-contract claims brought by a group of subcontractors hired by third-party defendant River Valley Sports Complex (RVSC). In *City of Fort Smith v. B & A Electric, Inc.*, 2019 Ark. App. 575, we dismissed the City's previous appeal without prejudice due to the lack of a final, appealable order. In the current appeal, we again lack jurisdiction and must dismiss.

The facts giving rise to this appeal are outlined in our previous opinion. *B & A Elec., Inc.*, 2019 Ark. App. 575, at 1. We dismissed that appeal because the court's order entered

judgment against the City on the contract claim but did not dispose of the unjust-enrichment claims. Following the dismissal of its previous appeal, the City filed a motion in circuit court for modification of the judgment to include dismissal of the unresolved unjust-enrichment claims with prejudice. On February 19, 2020, the circuit court entered an order granting that motion on the grounds that the appellees had elected the inconsistent remedy of breach of contract. Appellees have not cross-appealed entry of this order. Had the parties stopped there, the finality issue would have been fully resolved, and this court would have jurisdiction to hear the current appeal.

However, on December 19, 2019, B & A Electric, Inc. (B & A), filed a motion to amend the pleadings to conform to the proof, citing Rule 15 of the Arkansas Rules of Civil Procedure and arguing that, during the trial, B & A tried a third-party-beneficiary claim to the jury by consent of the parties and that the jury already found true all necessary facts to establish the claim. Appellant objected to the amendment of the pleadings arguing that it never consented to try a third-party-beneficiary claim, that the jury was not instructed on it, and that the jury had not, in fact, found facts necessary to resolve the claim.

In a hearing on January 31, 2020, counsel for B & A argued that the court could determine, as a matter of law, that B & A was a third-party beneficiary of a contract between the City and RVSC and that it had been damaged as a result of the City's breach of that contract. On February 19, the circuit court entered an order simply stating that it was granting B & A's motion to conform the pleadings to the proof. No other order or judgment was entered regarding the newly added third-party-beneficiary claim. The court did not, as B & A

2

urged at the hearing, issue an order finding in favor of B & A as a matter of law, nor did it amend the judgment to state that the jury had rendered a verdict in favor of B & A on a third-party-beneficiary claim.

On March 4, the City filed a timely notice of appeal from the circuit court's February 19 final judgment disposing of the unjust-enrichment claims. On March 12, the City filed a timely amended notice of appeal, adding that it was also appealing from the circuit court's February 19 order granting the motion to amend the pleadings to the proof.

Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. Arkansas Rule of Civil Procedure 54(b) further provides that when more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. *Hambay v. Williams*, 335 Ark. 352, 980 S.W.2d 263 (1998); *S. Cnty., Inc. v. First W. Loan Co.*, 311 Ark. 501, 845 S.W.2d 3 (1993). Whether an order is final for purposes of appeal is a jurisdictional issue that this court is required to raise even if the parties do not. *Jackson v. Delis*, 76 Ark. App. 436, 438, 67 S.W.3d 596, 597 (2002).

We must put aside the question of whether the court erred in granting the amendment because we are prohibited from engaging in a substantive review of the merits of the case until we first establish appellate jurisdiction. Here, the third-party-beneficiary claim is separate and distinct from the breach-of-contract claim on which judgment has been entered. Notably, the two claims focus on different contracts. In the underlying breach-of-contract claim, the

appellees, including B & A, sought to establish a contractual relationship with the City, arguing that RVSC was acting as the City's agent and had authority to contractually bind it to agreements with the appellees. In contrast, the new third-party-beneficiary claim asserts that a contract existed between the City and RVSC, that B & A was intended to be a third-party beneficiary of that contract, that the City breached the contract, and that the breach harmed B & A. Clearly, the underlying facts that must be established to prove each claim are different. These two claims also have separate jury instructions. Breach of contract is covered by Arkansas Model Jury Instruction–Civil 2401, while third-party-beneficiary claims for breach of contract are addressed in Arkansas Model Jury Instruction–Civil 2410, on which the jury was not instructed in this case. Therefore, under Rule 54(b), the third-party-beneficiary claim is a separate claim from the breach-of-contract claim on which the court entered judgment.

The third-party-beneficiary claim is also unresolved. While the court granted the motion to amend the pleadings to conform to the proof, which asserted that the issue had already been tried to the jury, it did not enter a judgment on the new claim. In fact, it is unclear whether the court intended to leave the issue unresolved for future proceedings, intended to find that it had already been fully resolved by the jury (despite the fact that the jury was not instructed on that claim and did not return a verdict on it), or intended to rule on the issue as a matter of law. Rule 2 of the Arkansas Rules of Appellate Procedure–Civil does not contain any exception that would allow for an immediate appeal despite the unresolved third-party-beneficiary claim, and the court's order granting the motion to amend does not include a Rule 54(b) certificate, which would have been an alternative avenue to obtain appellate jurisdiction.

4

Our rule is clear: before an appeal may be taken from a final judgment as to one or more but fewer than all of the claims or parties, the circuit court must certify the judgment for appeal. *Moses v. Hanna's Candle Co.*, 353 Ark. 101, 103, 110 S.W.3d 725, 726 (2003) (citing Arkansas Rule of Civil Procedure 54(b)).

We must therefore again dismiss this case without prejudice due to lack of appellate jurisdiction because the newly added and unresolved third-party-beneficiary claim has created a new bar to finality.

Dismissed.

GRUBER and WHITEAKER, JJ., agree.

*Gilker & Jones, P.A.*, by: *Michael R. Jones*, for appellant.

*Walters, Gaston, Allison & Parker*, by: *Derick Allison*, for appellees.